[No. 3,271.]

## JAMES H. CUTTER *v.* A. CARUTHERS, DANIEL FLINT, A. CRAW, C. W. FRAME, C. BROCKWAY, HOWELL CLARK, R. W. MERKLEY, PATRICK CARROLL AND JOSEPH GRONDEN.

RULES OF DISTRICT COURTS—The Supreme Court does not take judicial notice of the rules of the District Courts. When a party relies on such rules he should have them incoporated in the record.

EVIDENCE OF BOUNDARY OF LAND.—A tract of land, called the "McDougal tract," when conveyed, was intended by the parties to be bounded on the south by another tract called the "McKinstry tract:" *Held,* that a deed conveying the "McKinstry tract," given after the conveyance of the "McDougal tract," was not admissible in evidence to show the southern boundary line of the "McDougal tract," nor for the purpose of showing what lands the owners of the "McDougal tract," when they received their deed, supposed the owners of the "McKinstry tract" held.

OBJECTION TO A DEED AS EVIDENCE.—It is not a good objection to the introduction of a deed in evidence, that it is not shown to include the premises in controversy. The calls of the deed are to be located after it is received in evidence. If it appears on the face of the deed that it does not include the premises in controversy, it may be objected to on that ground.

JURISDICTION OF DISTRICT COURTS OVER EXECUTORS. — The District Courts may in certain cases have jurisdiction to order an executor to convey lands.

APPEAL from the District Court, Sixth Judicial District, County of Sacramento.

Ejectment to recover a tract of land bounded as follows: "Commencing at a point on the easterly bank of the Sacramento river, at the northwest corner of a tract of land conveyed by John A. Sutter, Jr. to George McKinstry, Jr., John A. Sutter, Theodore Cordua, and John Bidwell, by deed bearing date April 4th, 1849, and known as the 'McKinstry Tract,' and running thence easterly along the northerly line of said 'McKinstry Tract' one mile; thence northerly one half mile; thence westerly and parallel with the north line of said 'McKinstry Tract' to the Sacramento river; thence down stream and along the easterly bank of said Sacramento river to the place of beginning."

The complaint alleged an ouster on or about the 13th day of February, 1868. The answers contained a general denial.

The premises in controversy were a portion of the grant made by the Mexican nation to John A. Sutter, on the 18th of June, 1841, and patented by the United States to Sutter on the 20th of June, 1866. The plaintiff proved that said Sutter conveyed the demanded premises to John A. Sutter, Jr., on the 14th of October, 1848. The plaintiff offered in evidence a deed from John A. Sutter, Jr., to George McDougal, dated June 19th, 1849. The defendant objected that this deed did not include the land in controversy. The Court asked the plaintiff's counsel if he expected to prove that the land described in the deed was within the limits of the patent to Sutter. The counsel answered yes; whereupon the Court overruled the objection. This deed conveyed the following tract of land:

"A piece of land situate on the south-easterly side of the Sacramento river, in Upper California, described as follows: Commencing at a point above and adjoining the tract of land held by McKinstry & Co., situate and adjoining the

present town site of Sutterville, running parallel and back from the river of said tract of one half mile in breadth of McKinstry & Co. the distance of one mile; thence running in a straight line in a north-easterly direction one half mile; thence one mile towards the river Sacramento; thence one half mile to the point intersecting the said land held by McKinstry & Co., the whole to include one mile in length and one half mile in breadth, immediately adjoining and running with parallel lines with the half mile held by McKinstry & Co.; also all that piece or parcel of land lying between the last named line above described and the Sacramento river."

The plaintiff then offered in evidence a deed from McDougal to Jonathan D. Stevenson and W. C. Parker, which was objected to for the same reason, but received by the Court, and a deed from Parker to Hart also objected to for the same reason, and received. The plaintiff offered in evidence a certified copy of a decree made by the District Court of the Fourth Judicial District, in the suit of J. D. Stevenson *v.* Mary Hart, Executrix of the Will of Wm. Hart, deceased, rendered August 11, 1860. This decree required the defendant, as executrix, to make and deliver to the plaintiff a deed of one undivided half of the premises in controversy. No other papers in the action were offered in evidence. The plaintiff then offered a deed from Mary Hart, as required by the decree. The plaintiff, by several mesne conveyances, deraigned title from Stevenson.

The plaintiff, also, for the purpose of showing the boundary of the McDougal tract, offered in evidence a deed from John A. Sutter to L. W. Hastings, dated November 30, 1849. The defendant's attorney objected to it as irrelevant. The Court overruled the objection.

The plaintiff, also, for the purpose of showing the boundary of the McDougal tract, offered in evidence two deeds from John A. Sutter, Jr., to John A. Sutter, Sr., Theo. Cordua, George McKinstry, Jr., and John Bidwell. The first was dated April 4th, 1849, and the second was made as explanatory of the first, and was dated July 1st, 1850. The defendant objected to these deeds as irrelevant, but

the Court overruled the objection.  The first of said deeds conveyed the following:

"All that piece or parcel of land, situated, being, and lying in the Territory of California, bounded and described as follows, to wit: commencing at the northwest corner of the town of Sutterville, adjoining the part of said town now belonging to L. W. Hastings, Esq. ; thence running up Sacramento river one half mile—said line to commence at low water-mark; thence running back on a line running at right angles with the aforesaid line of Hastings' to the distance of one mile; thence running southerly on a line parallel with the river bank one half of a mile; thence running in a direct line to the place of beginning."

The second deed was as follows:

"This indenture, made the 1st day of July, in the year of our Lord one thousand eight hundred and fifty, between John A. Sutter, of Hock Farm, in the county of Sutter, State of California, of the first part, and John A. Sutter, Theo. Cordua, Geo. McKinstry, Jr., and John Bidwell, of the second part, witnesseth: that, whereas, the said John A. Sutter, by his certain deed, bearing date the fourth day of April, A. D. one thousand eight hundred and forty-nine, for a valuable consideration, conveyed a certain tract of land to the said parties of the second part, which tract or parcel of land is described in said deed as follows, to wit: commencing at the northwest corner of the town of Sutterville, adjoining the part of said town now belonging to L. W. Hastings; thence running up the Sacramento river one half a mile—said line to commence at low water-mark; thence running back on a line running at right angles with the aforesaid line of Hastings to the distance of one mile; thence running southerly on a line parallel with the river bank one half a mile; thence running in a direct line to the place of beginning.  And, whereas, the said deed does not fully and clearly describe the boundaries of the land intended to be conveyed thereby; therefore, know all men by these presents, that it was my full intent and meaning to convey by the aforesaid deed, bearing date the said fourth

day of April, in the year of our Lord one thousand eight hundred and forty-nine, all the land therein described, together with all the land lying between the north and the south boundaries of said tract, and a line extending northward in continuation of Hastings', or the eastern boundary line of the town of Sutter and the Sacramento river. And these presents are intended to be explanatory of my full intent, purpose, and meaning as intended at the date thereof to be expressed in the aforesaid deed, bearing date on the aforesaid fourth day of April, in the year of our Lord one thousand eight hundred and forty-nine; and this indenture is hereby made a part and parcel of the aforesaid deed, so executed as aforesaid, on the said fourth day of April, A. D. eighteen hundred and forty-nine."

After the record evidence was completed, the plaintiff introduced parol evidence, to show the location of the ground in controversy.

The trial was concluded, and the Court took the case under advisement on the 21st day of November, 1870. On the 8th day of August, 1871, the plaintiff. gave notice of a motion to set aside the order of submission, and for leave to introduce further evidence. The motion was made and granted on the 1st day of September, 1871, and the plaintiff introduced additional testimony.

The plaintiff recovered judgment, and the defendant appealed from the judgment, and from an order denying a new trial.

The other facts are stated in the opinion.

*McKune & Welty,* for the Appellants.

The Court erred in admitting in evidence the decree of the Fourth District Court, and the deed made pursuant thereto, for the reason that the District Court had not jurisdiction in matters of probate, or to decree that the executrix, as such, convey the land. The title (if there was any in the intestate,) vested in his heirs, and the executrix could only sell under probate order to satisfy the lien of creditors. (*Brenham* v. *Story,* 39 Cal. 179.)

*Presley Dunlap*, for the Respondent.

The certified copy of the decree of the District Court of the Fourth Judicial District, in the case of *Stevenson* v. *Hart*, was properly admitted.　The District Court had jurisdiction of the subject matter of the action in which the decree was rendered, as has been repeatedly held by this Court. *Brenham* v. *Storey*, 39 Cal., cited by appellants, has no application to the point in hand—the jurisdiction of the Probate Court over probate matters is not exclusive. (*Deck* v. *Gerke's Administrator, et al.* 12 Cal. 433; *Wilson* v. *Roach et al.* 4 Cal. 362.)

By the Court, RHODES, J.:

The plaintiff contends that there was no error in setting aside the order of submission and taking further testimony, because the rules of the District Court do not require any further notice of the motion than was given.　This Court does not take judicial notice of the rules of the District Courts; and when a party relies upon such rules he should have them incorporated into the record.　The error, however, was not productive of any jury to the defendant, for it appears that the only further testimony taken was a more particular description of a tract of land which had already been described by the surveyor in general terms, and by reference to a map then before the Court.

For the purpose of proving the boundaries of the McDougal tract, the plaintiff introduced the deed of Sutter to Hastings, dated November 30th, 1849, and two deeds of Sutter to McKinstry and others, dated respectively April 4th, 1849, and July 1st, 1850.　The McDougal deed bears date June 19th, 1849.　It was intended by the parties to the McDougal deed that the land thereby conveyed should be bounded on the south by the McKinstry tract—or, in the language of the record, "the tract of land held by McKinstry &°Co."　The McKinstry deed of April 4th, 1849, was competent evidence, tending to prove the boundaries of the McKinstry tract; but the deed of July 1st, 1850, did not tend to prove what lands were held by McKinstry & Co. at the

date of the McDougal deed—June 19th, 1849—nor what lands the parties to the McDougal deed then understood McKinstry & Co. to hold.

The deed to Hastings is subject to the like objection, as it was executed after the date of the deed to McKinstry, as well as the deed to McDougal. Whether those deeds would have been admissible, if coupled with other evidence, it is unnecessary to determine, but in our judgment they should not have been admitted in evidence at the time and under the circumstances shown in the record.

The point is presented that the Court erred in admitting in evidence several deeds, on the ground that they were not shown to include the premises in controversy. It is difficult to conceive of a case in which that objection would be tenable, except when it appeared on the face of the deed that it did not include or relate to the premises in suit. When it does not so appear, the question is one of fact, to be determined upon the evidence. It is manifest that a party is not required to locate on the ground the calls of a deed, before the deed is admitted in evidence.

The defendant presents the point that the Court erred in admitting in evidence the decree in the case of *Stevenson* v. *Hart*, executrix, etc., on the ground that the Court had no jurisdiction to pronounce the decree. It does not appear from the decree (no other portion of the judgment-roll having been offered in evidence) that the Court did not have jurisdiction in that case. It is obvious that the District Courts may, in certain cases, have jurisdiction to order an executor to convey lands. The objection was not made in the Court below, and the point should not have been pre-sented here.

Judgment and order reversed, and cause remanded for a new trial.