[No. 7,169.—Department Two.]
April 3, 1882.

## J. P. SWEENEY ET AL. *v.* LELAND STANFORD.

MOTION TO SET ASIDE JUDGMENT—WAIVER OF JURY TRIAL—CALENDAR OF COURT.—A case for goods sold and delivered, was, on motion of plaintiff's attorney, put upon the equity calendar in the absence and without the knowledge of the defendant, and in consequence the case was tried without his presence, and judgment rendered for the plaintiffs for the

full amount claimed. A motion of the defendant to set aside the judgment was subsequently denied by the Court for the reason that the notice of the motion did not specify the grounds upon which it would be made.

*Held:* The failure of the defendant to appear when the case was called on the equity calendar did not operate as a waiver of a jury for the reason that the case was improperly there.

ID.—ID.—ID.—NOTICE OF MOTION—AMENDMENT—DISCRETION OF COURT.— Assuming that the motion was properly denied on the ground stated, it was the duty of the Court to allow defendant's motion for leave to amend his notice so as to make it conform to the rule of the Court. The Code is very liberal on the subject of amendments, and the recent decisions of this Court have been in full accord with the spirit of the Code.

RULES OF COURT—JUDICIAL NOTICE.—(SHARPSTEIN, J).—This Court does not take judicial notice of the rules of the Superior Court.

APPEAL from a judgment for the plaintiff and an order refusing to vacate said judgment in the Superior Court of San Francisco. SULLIVAN, J.

*J. E. Foulds,* for Appellant.

Counsel for plaintiff admits that the defendant refused to waive his right to a trial by jury, but that notwithstanding such refusal, on the third of February, 1880, in the absence of defendant's counsel, he (plaintiff's counsel) caused the case to be put upon the calendar of causes to be tried by the Court without a jury. He admits that he never gave defendant's counsel any notice of this action on his part, and defendant's counsel deposes that he was in entire ignorance of the transaction until after the judgment had been rendered. This is uncontradicted. The Court had no right to place the case upon the calendar for trial without a jury, upon the mere waiver of a jury by one of the parties, in the absence of the other. It was the duty of the Court to place it on the jury calendar.

If Section 631 of the Code of Civil Procedure continued in force to July, 1880, we would nevertheless be entitled to have the judgment vacated, because the case was never legally called. The defendant had never been allowed an opportunity of a trial by jury. How, then, could he be deemed to have waived it? But, the first subdivision of that section of the Code was repealed by the passage of the Constitution. The language of Section 7, of Article i, is

equivalent to "a trial by jury may be waived in civil actions, by the consent of the parties, signified in such manner as may be prescribed by law, and not otherwise."

The section of the Code, as we have shown, does prescribe two modes in which the parties may consent to a waiver. These are in accord with this provision of the Constitution. The other method, however, "by failing to appear at the trial," not being by consent of the parties, falls clearly under the implied prohibition. Prohibitions do not require legislation to carry them into effect, and this is the doctrine of the decision in *Ewing* v. *Oroville Mining Co.*, 56 Cal. 653.

*Edward P. Cole*, Attorney for Respondent.

The failure of a party to appear when the cause was called, authorized the trial by the Court without the intervention of a jury. (*Doll* v. *Feller*, 16 Cal. 434; *Gillespie* v. *Benson*, 18 id. 410.)

This § 631 of the C. C. P. was in force till the first day of July, 1880; and the above action was tried under that section of the Code of Civil Procedure. (Article xxii, section 1, New Constitution; *Ewing* v. *Oroville Mining Co.*, 56 Cal. 653.) The counsel for appellant urges that the judgment should have been vacated on the first motion. The answer to this is brief. The notice of motion did not specify the grounds on which the motion would be made. And the law is clear that where the law is defective in this regard, the motion must be denied. (*Freeborn* v. *Glazer*, 10 Cal. 337; *Loucks* v. *Edmondson*, 18 id. 204; Superior Court Rule No. 8.)

The opening of defaults rests very much in the discretion of the Court below, and the order of the Court will not be disturbed unless the order is so plainly erroneous as to amount to an abuse of discretion. (*Coleman* v. *Rankin*, 37 Cal. 249; *Bailey* v. *Taaff*, 29 id. 422; *Ekel* v. *Swift*, 47 id. 620; *Nooney* v. *Mahoney*, 30 id. 226.)

*Ed. P. Cole*, for Respondents. (on application for hearing in Bank.)

The counsel for respondents most respectfully calls this Honorable Court's attention to the fact that neither he nor any one else ever stated to the Lower Court that a jury was

waived, nor does the judgment of that Court recite any such fact; even appellant admits that. The affidavits of Carter and of Brooks say they were both present at the calling of the calendar, and that a jury was waived on the part of the plaintiffs. The recital of the judgment is to the same effect:

"This cause was called regularly in its order upon the trial calendar for hearing and determination, Mr. E. P. Cole appearing for plaintiff, and no one for defendant, the cause was tried before the Court sitting without a jury, a trial by jury having been expressly waived by plaintiff, and the defendant having waived a trial by jury by failing to appear at said trial."

MORRISON, C. J.:

Plaintiffs brought their action against defendant to recover the sum of one thousand two hundred and thirty-one dollars for goods, wares and merchandise sold and delivered. The complaint was answered in due time, and the case was put on the calendar for trial. When the calendar was called, the defendant's attorney was not in attendance, but the attorney for the plaintiffs being present, stated to the Court that a jury trial was waived, whereupon the case was put on the *equity* calendar for trial. Of this fact neither the defendant nor his attorney had any notice; but both supposed that the case was on the jury calendar. The consequence was that the case was tried in the absence of defendant's attorney, and judgment was rendered in favor of plaintiffs for the full amount claimed. Defendant thereupon gave notice of a motion to set aside the judgment, and accompanied his motion with affidavits of merits and surprise. The Court denied the motion because the notice did not state the grounds upon which the motion to set aside the judgment would be made. Defendant thereupon asked leave to amend his notice of motion, but leave was denied.

The case properly belonged on the jury calendar, and the right to a jury trial was not waived by the defendant. The action was a common law action and the right of trial by jury existed unless it was waived; first, by failing to appear at the trial, second, by written consent in person or by attorney filed

with the Clerk, or, third, by oral consent in open Court, entered in the minutes. (Sec. 631, C. C. P.)

In the case before us, there was no waiver in any one of the modes prescribed by the Code. If the case had been put on the jury calendar where it properly belonged, and if, when called on that calendar for trial, the defendant had failed to appear, there would have been a waiver of the right of trial by jury; but the failure of the defendant to appear when the case was called on the equity calendar, did not operate as a waiver, for the simple reason that the case was improperly on the equity calendar, and should not have been there. Neither the defendant nor his attorney was chargeable with laches in failing to notice the business on the equity calendar, as neither had any notice whatever that the case was there for trial. It seems that the Court denied the motion to vacate the judgment "for the reason that the notice of said motion did not specify the grounds upon which the same would be made." We infer from the language of the order that there is a rule of the Superior Court requiring such a notice to contain a statement of the grounds upon which the motion is made, and assuming that the motion was properly denied, because the notice was insufficient, we think it was the duty of the Court to allow defendant's motion for leave to amend his notice, so as to make it conform to the rule of the Court. There is no doubt that the plaintiff's attorney knew, and the Court also knew, upon what grounds defendant moved, because there was attached to the notice an affidavit in which the grounds were fully stated. The Code (Sec. 473, C. C. P), is very liberal on the subject of amendments, and the recent decisions of this Court have been in full accord with the spirit of the Code.

We are of the opinion that the defendant should have been allowed to amend his notice of motion, and that the Court erred in denying his motion for leave to amend.

The order is therefore reversed.

MYRICK, J., concurred.

SHARPSTEIN, J.:

I concur. It seems to me that the appellant made a show-

ing, upon which he was entitled to have the judgment vacated, and the only ground assigned by the Court for not granting the motion was that the notice of motion did not specify the grounds upon which it would be made ; and the respondents in their brief cite a rule of the Superior Court, which requires that the grounds of the motion shall be stated in the notice. But I am unable to find in the record any evidence of the existence of such a rule, and this Court does not take judicial notice of the rules of the Superior Court. (*Cutter* v. *Caruthers*, 48 Cal. 178; *Warden* v. *Mendocino Co.*, 32 Cal. 655.)