JOHN R. HOGANS, ET AL., APPELLANTS, VS. GEORGE . R. CARRUTH, APPELLEE.

1. In ejectment, defendant in possession may defend by showing legal title in another person and out of plaintiff who is claiming possession as a right incident to legal title.

2. That a deed does not upon its face show that it embraces the lot in question, or that the plaintiff does not show this fact as a foundation for its introduction, is not a good objection to its introduction in evidence. A party is not required to locate on the ground the calls of a deed before it is admitted.

3. Where the calls of a deed first give boundaries by land owned by neighboring proprietors or adjoining tracts. and afterwards by courses, distances and area, and there is an apparent conflict, deeds showing the ownership of the adjoining tracts at the time of the execution of the first deed are proper evidence. and they, with other facts tending to prove the intention of the parties, are proper evidence.

4. The acknowledgment of a deed taken by the grantee therein is void. The deed, however, is binding between the parties or their heirs, and its execution may be established by common law evidence.

5. In such case identity of person is presumed from identity of name. This upon grounds of public policy.

6. While any principles applicable to the facts in the present case which were announced in an antecedent case between different parties. should have the weight of precedent and authority, both in the Circuit Court and in this court. still. when the cases are not identical, to the extent of the difference the principles first announced cease to be controlling.

7. An original deed of conveyance does not prove itself at common law, and in this State an original deed, introduced by and coming from the possession of the defendant. whether its execution has

been acknowledged or proved under the statute of November 15, A. D. 1828, or not, is not made evidence by any statute. The certificate or acknowledgment under that act is not a common law certificate. It is altogether statutory in its character and can serve no other purpose under the statutes than that declared by the statute, which is to authorize a record thereof·" in the office assigned by law for that purpose."

8. Where a deed purports to be executed under a power, the general rule is that the authority should be shown. *Quere :* Whether, if the deed is an ancient deed, the rule is to any extent modified : But however this may be, *the fact of the execution of the deed may be shown independent of the power, and if the deed be otherwise admissible as bearing upon a question of boundary, and the act of the parties in making the deed is pertinent to the issue, upon proof of execution it should go to the jury.

9. It is proper and necessary to the intelligent consideration by this court of the testimony of expert witnesses and of such portion of the testimony as refers to plats, maps or diagrams, that such maps and diagrams as introduced should accompany the record.

Appeal from the Circuit Court for Duval county.

The deed of May 26th, 1834, was acknowledged by the grantors therein before the grantee, Isaiah D. Hart, Clerk of the County Court for Duval county, the day of its date.

The other facts are sufficiently stated in the opinion.

*C. P. Cooper* for Appellants.

*Cockrell & Walker* for Appellee.

Mr. Justice Westcott delivered the opinion of the court.

The Appellants in this case (plaintiffs below), which is an action of ejectment to recover lot one in block one hundred and thirty-six in the city of Jacksonville, claim title as the heirs of Zachariah Hogans and Maria Hogans, his wife, formerly Maria Taylor, widow of Purnal Taylor, deceased. Plaintiffs, to show their title, placed in evidence the fourth volume of American State Papers, pp. 170, 171.

containing a grant of 200 acres of land by the Spanish government to Donna Maria Suarez, widow of Purnal Taylor, " and children, heirs and successors." She subsequently married Hogans. The grant was made on the 13th September, A. D. 1816. This grant, which is called in the testimony the " Hogans' Grant," and which we will refer to in that language hereafter, was confirmed to Z. Hogans and his heirs by the Board of Commissioners for ascertaining claims and titles to land in East Florida on the 26th of April, 1824. 4 American State Papers, 171.

Plaintiffs proved that the lot in question was embraced in the Hogans' Grant, that they were the heirs of Hogans, and rested.

There was no proof of actual possession at any time in Hogans, or in his heirs, the plaintiffs. The claim therefore of the plaintiffs is based upon proof of legal title in their ancestors.

The defendant's claim here is not of a legal title in himself by virtue of any deed of conveyance. He relies upon his possession, and asserts that by his proof the legal title of plaintiffs' ancestors is shown to have passed from them to Isaiah D. Hart. See as to this question 2 Wend., 1 ; 3 Wash., 498 ; 17 Mo., 98 ; 27 Mo., 405.

Upon the trial there was a verdict for the defendant. A motion for new trial by plaintiffs was denied, and from the consequent judgment for the defendant this appeal is prosecuted.

The first evidence offered by the defendants is a deed from Hogans and his wife and John Taylor, Charlotte Taylor and Purnal Taylor to Isaiah D. Hart, dated the 26th day of May, A. D. 1834.

There were two general objections to the introduction to this deed. The first was that " it does not include the lot in controversy ;" the second was "that the deed was not properly executed."

We do not think the first objection tenable. This is the first of a series of deeds by which the defendant proposed to show an inconsistency in the boundaries of the land described in it, and that the northern boundary in it was not to be fixed by the courses, distances and area as given by it; but as all the boundaries were also described by lands lying adjacent to the land proposed to be conveyed, and the northern boundary was given as lands of the grantee, and the lot in question was alleged to be south of the lands owned by the grantee, it was admissible as tending to show that fact, and as tending to prove the alleged intention of the parties to convey the land embraced within the boundaries fixed by the adjacent lands rather than the land embraced in the named courses, distances and area.

It is difficult to conceive of a case in which this objection would be tenable, except when it appeared on the face of the deed that it did not include or relate to the premises in suit. When it does not so appear, the question is one of fact, to be determined upon the evidence. It is manifest that a party is not required to locate on the ground the calls of a deed before the deed is admitted in evidence. 48 Cal., 184.

The like answer, we think, may be given to the *same objection* to the other deeds whenever such answer is applicable.

The second objection, we think, was a good one. The acknowledgment of the deed by which it was admitted to record was taken here by the grantee. This, while it left the deed effective *inter partes* susceptible of proof of execution by common law evidence was a void acknowledgment not authorizing the recording of the instrument. (5 N. Y., 37; 6 Pet., 136; 20 Iowa, 233; 20 Maine, 413; 7 Watts, 227; 2 Saund. Chy., 630.) Even, therefore, if an acknowledgment and record of an instrument dispensed

with proof of its execution by the witnesses, or otherwise under the statute, there is no acknowledgment here.

It is insisted that this objection could not prevail here for want of proof of identity in the grantee and the party taking the acknowledgment. On the face of the paper their names are identical, and in such case the presumption is that such is the fact. See the remarks of Cole, Justice, in 20 Iowa, 233.

The deed, however, being effective between the parties, and the claim of the plaintiffs being by descent through the grantors, the defendants might have proved (the deed being over thirty years old) those circumstances which raise a legal presumption in favor of its authenticity and due execution. See upon this subject the cases cited in 2 Phil. on Ev., 4 Am. Ed. ; Cowen and Hill's Notes, 477. No proof of the kind was offered. The deed stood as a naked paper. As such it was no deed in evidence, as there was no proof of it, and the objection on account of want of proof of proper execution was well taken.

This conclusion necessarily involves a new trial, as it is only through the effective operation of this deed, in the manner claimed by the defendant, that the verdict and judgment can be sustained.

It is the general rule of this court, from its foundation, not to make elaborate comments upon the testimony in a case where there is some fundamental error demanding a new trial. To do this in this case would be for us to act upon the presumption that this paper was properly executed and delivered as a deed. This we cannot do, as there is no evidence of such fact. There are, however, some general remarks which we deem it proper to make, in view of the fact that the appellants here seem to think that this case should be controlled by our decision in the case of Seymour et al. vs. Creswell et al., decided at an early day

in January Term, A. D. 1881. (See 18 Fla., 29.) While any principle applicable to the facts in the present case which was decided or announced in that, should have the weight of precedent and authority both in the Circuit Court and in this court, still, when the cases are not identical to the extent of the difference, the principles first announced cease to be applicable. We think a great difference between the facts in the two cases exists. The deeds proposed to be introduced, or introduced here, to the extent that they tend to explain what is meant *by the parties* to the deed of the 26th of May, A. D. 1834, by the terms " bounded on the east by lands now claimed by John L. Dogget, on the north by lands claimed by the said parties of the second part, on the west by lands of the parties of the first part, (it being part of the aforesaid tract,) and on the south by St. Johns river," are admissible if properly proved. If it is a material question in any case to establish who owned or claimed to own adjoining lands at a particular date, certainly deeds of conveyance or other instruments showing the fact must be admissible, where they concern such a question of ancient boundary. But to give the instruments the effect *of deeds of conveyance* as showing *ownership* of the land, the execution should be proved as in other cases. As we understand the English rule we think some of the cases at least go much further than the rule necessary to announce at the present stage of this case. This certainly is true of the American cases. The amount of the decision in Barnes vs. Mawson, 1 Maule and Selwyn, pp. 77, 84, was that where a tract of land was known by a certain name, the extent to which that name has been applied may be shown even by general reputation, and so of the relation whether tract A lies within or adjoining tract B. See upon this subject generally, 1 Philips on Evidence ; Cowen & Hill's Notes 4, American edition, pp. 220, 226 ; 1 Greenleaf on Evidence, notes to §301 and §302 ; 13 John., 346 ; 48 Cal., 184.

As to the deeds proposed to be introduced in this case: These deeds are original deeds, introduced by and coming from the possession of the defendant. Such deeds at common law do not prove themselves, and in this State an original deed, whether its execution has been acknowledged or proved under the statute of November 15th, A. D. 1828, or not, is not made evidence by any statute known to us. The certificate or acknowledgment is not a common law certificate, but is altogether statutory in its character, and can serve no other purpose under the stutate than that declared by the statute, which is to authorize a record thereof " in the office assigned by law for that purpose." (50 Texas, 62; 2 Phil. on Ev., 4 Am. Ed., Cowen & Hill's Notes to pages 584-5, and cases cited; 9 Mass., 211; 1 Pet. Ct. Ct. Reports, 437; 3 Hal., 279, 280; 5 Ala., 300; 2 Ala., 203; 51 Ala., 340; 4 Blackf., 522; 5 ib., 79.) Where a different rule prevails it is because the statute in letter or effect makes deeds thus acknowledged and recorded evidence. This is the case in New York, Pennsylvania, Illinois and other States.

Whether, under peculiar circumstances, not existing in this case, so far as we can see at this time, the acknowledgment or proof may or may not have some effect, as secondary evidence at common law, we do not determine.

As to the deeds executed by virtue of powers of sale conferred by judicial authority: In some of the States, if the deed is an ancient deed, strict proof of the power is not required. (Judge Cooley in the case of Willets vs. Mandlebaum, 28 Mich., 522.) In other States strict proof is required. (63 Ill., 110.) But, however this may be as to the authority to execute, the fact of the execution of the deed can be shown independent of the power to do so, if the deed be otherwise admissible as to date and like matters, and in this view we think the deed, if the proof is suffi-

cient to establish the fact of execution, should go to the jury.

As a matter of course, what is said as to proof of deeds in this case, does not refer to cases where the question of fraud is involved in the enquiry before the jury.

It is apparent from the bill of exceptions in this case, that certain maps or plats from the Surveyor-General's office, which are not in the record, were in evidence. In all such cases the presence of these maps, as introduced, is necessary to enable this court to give intelligent consideration to the testimony. This, too, is essential as to original diagrams used by expert witnesses. For instance, what purports to represent the original or a digram used by witness L'Engle in this case is to be found in appellants' brief. As illustrating his argument, counsel may draw what conclusion he pleases from it, but it cannot be considered as an illustration of the witnesses' views under oath where the witness himself has drawn his own diagram. In examining the eastern boundary of the Hogans Grant, and many other questions involved herein, we have been embarrassed for the want of them in this case.

Judgment reversed and new trial awarded.