ARCHIBALD CAMPBELL, AS ADMINISTRATOR OF THE ESTATE OF KATURAH CAMPBELL, DECEASED, APPELLANT, VS. WILLIAM CARRUTH AND DELLA CARRUTH, APPELLEES.

DEED—SUFFICIENCY OF DESCRIPTION OF PROPERTY IN—POSSESSION OF BY GRANTEE PRIMA FACIE EVIDENCE OF DELIVERY—CHARGES TO JURY HOW EXCEPTED TO.

1. If the description of the land conveyed in a deed is such that a surveyor, by applying the rules of surveying, can locate the same, such description is sufficient, and the deed will be sustained, if it is possible, from the whole description, to ascertain and identify the land intended to be conveyed.

2. Where the other terms of the description contained in a conveyance of land are not sufficiently certain and demonstrative, the number of acres given is an essential part of the description, and may be resorted to in aid of the defective part of such description.

3. Where a deed described the land as being "known on the map of the United States survey as the northwest quarter of the northwest section 8, T. 29 south, of range 16 east, containing 40 acres;" *Held*, To be a sufficiently certain description of "the

northwest quarter of the northwest *quarter of*" said section 8 in said township and range. And that the omitted words "*quarter of*," next preceding the word "section" in the description would be supplied by construction as a palpable omission.

4. The possession of a deed by the grantee therein is *prima facie* evidence of its delivery, and the *onus probandi* in such cases is upon the party gainsaying such delivery.

5. The administrator of a deceased grantor in a deed is estopped, like such grantor himself would be, from denying that there was a consideration for such deed, for the purpose of destroying the effective operation of the instrument as a deed of conveyance of the premises.

6. Where the entire charges given by the court to the jury are excepted to as a whole by one general exception, without specifying any particular charge or part of a charge to which the exception applies, if any of the charges thus excepted to are correct, such general exception can not be considered upon appeal.

Appeal from the Circuit Court for Hillsborough county.

The facts of the case are stated in the opinion of the court.

*Barron Phillips* for Appellant.

*McFarlane & Pettingill* for Appellee.

Taylor, J.:

The appellant sued the appellees in the court below in ejectment for the recovery of the possession of the northwest quarter of the northwest quarter of section eight, in township 29 south, in range 16 east, containing 40 acres, and for mesne profits. The verdict and judgment were in favor of the defendants, and the plaintiff appeals.

Besides the plea of the general issue the defendants interposed a plea upon equitable grounds, by which

it was alleged that the plaintiff's intestate, prior to her death, had executed a deed of conveyance of the land in controversy to one of the defendants and to her sister, who was the former wife of the other defendant, and from whom he inherited an interest in the premises; and that by a clerical omission of the draughtsman the land in controversy, intended thereby to be conveyed, was imperfectly described as being "a certain tract or parcel of land lying and being in the county of Hillsborough, State of Florida, known on the map of the United States survey as the northwest quarter of the *northwest*, section 8, township 29 south, of range 16 east, containing 40 acres, more or less," the omission in the description being of the words "*quarter of*," next preceding the word "section." The object of the plea was to set up as a defense upon equitable grounds that the defendants occupied a position where they were entitled in equity to a reformation of this deed from the plaintiff's intestate so as to make it convey the land in controversy that was by the grantor in said deed intended to be conveyed, and that, being possessed of this equitable right, the plaintiff was not entitled to the possession of the premises sought by this suit. The plaintiff moved the court to strike out this plea upon various grounds looking to the merits of the plea that are unnecessary to be discussed, which motion was denied, and this ruling is the first error assigned. There was no necessity, as will be seen in the discussion of the next two assignments of error, for any reformation of the defendants' deed, mentioned in this plea, in order to make it upon its face as it stood completely available to the defendants as a conveyance of the land sued for. Being possessed of a deed from the plaintiff's intestate that

was of itself sufficiently certain in its description of the land thereby intended to be conveyed, and of sufficient certainty of description to show upon its face that it was the land in controversy in the suit without any reformation of its description, this plea setting up the defendant's right to a reformation thereof in the matter of its description, was entirely nugatory and served no other purpose than to cumber the record, and should have been stricken out on the motion for that purpose. But as the real issues in the cause seem to have been tried without reference to anything presented by this plea, and the deed, set up for reformation therein, admitted by the court in evidence upon it merits as a sufficiently certain conveyance of the land in controversy, we can not see that the trial of the real issues in the cause were thereby embarrassed or confused or affected in any way, and we must therefore hold that the denial of the motion to strike it out was error without injury.

The second and third assignments of error are to the effect that the court erred in construing the instrument mentioned in the foregoing equitable plea to be a deed, and in allowing the same to be admitted and read in evidence on behalf of defendants over the plaintiff's objection thereto. The instrument questioned has been omitted from the record and is not before us, neither does the record show any definite grounds for the objection made at the trial below to its admission, but the objection urged here seems to be based entirely upon a supposed uncertainty and insufficiency in the description of the land therein conveyed in order to make the deed pertinent to the controversy pending between the parties. Upon this ground we do not think that the court erred in admitting the instrument

in evidence as a conveyance from the plaintiff's intestate to the defendants of the the premises sued for. The declaration described the land sued for as being the "N. W. 1-4 of the N. W. 1-4 of section 8, in T. 29 south, of range 16 east, containing 40 acres, in Hillsborough county." This deed, so far as we can determine from the record before us, described the land conveyed thereby as being: "known on the map of *the United States survey* as the nortwest quarter *of the* northwest, section eight, T. 29 south, of range 16 east, containing 40 acres, more or less, in Hillsborough county." The idea of the objection seems to be that the omission of the two words, *"quarter of,"* next preceding the word "section" vitiates and renders the deed inoperative for want of certainty in the description of the land conveyed. The rule with reference to the sufficiency of description in a deed is that, if a surveyor, by applying the rules of surveying, can locate the land, the description is sufficient; and the deed will be sustained if it is possible from the whole description to ascertain and identify the land intended to be conveyed. 2 Devlin on Deeds, sec. 1012. And that where there is a palpable omission in the description of a deed, it may be supplied by construction. And that where the other terms of the description, contained in a conveyance of land, are not sufficiently certain and demonstrative, the number of acres is an essential part of the description, and may be resorted to in aid of the defective part of the description. Hoffman vs. Riehl, 27 Mo., 554; Kirkland vs. Way, 3 Richardson, 4; Bowen vs. Prout, 52 Ill., 354; Burnette vs. McCluey, 78 Mo., 676; Enochs vs. Miller, 60 Miss., 19; Andrews vs. Murphy, 12 Ga., 431; Dorr vs. School District No. 26, 40 Ark., 237; Morton vs. Root, 2 Dillon (C. C.), 312; Smiley vs.

Fries, 104 Ill., 416; Pennington vs. Flock, 93 Ind., 378. Applying these rules to the deed in question, we think that its description is entirely certain and sufficient as a conveyance of the northwest 1-4 of the northwest 1-4 of section 8, Township 29 S., R. 16 E. The description given starts out with the assertion that it is according to the *United States survey.* According to the rules of the United States for the survey of her public lands, it is well known by all persons, whether expert or non-expert in the science of surveying, that they are first divided by rectangular parallel lines running north and south, and east and west, into townships six miles square, containing 36 sections of a mile square each, *designated* by the *numbers* from 1 to 36 inclusive, each containing 640 acres, which are numbered, commencing in the northeast corner of the township for the first section, from east to west, and from west to east, alternately, with progressive numbers, until the 36th section is completed; and that these sections are again subdivided by parallel lines running north and south, and east and west, first into quarters of 160 acres each, *designated* by the *points of the compass* as the northeast quarter, northwest quarter, the southeast quarter and the southwest quarter of the given section; and that these quarter sections are again subdivided into quarter quarters, or sixteenths, of the whole section, containing 40 acres each, that are designated as northeast quarter, northwest quarter, southeast quarter and southwest quarter, respectively, *of the quarter of the section* to which they belong. Rev. Stat. of the U. S., secs. 2395, *et seq.* The *sections* are *designated by their numbers*—1 to 36 inclusive, and are never referred to as being the "northeast," or the "northwest section." It is only when the *subdivisions* of

any given section are referred to that they are *designated* by the terms borrowed from the *points of the compass*. So that when the questioned deed described the land here as being the "northwest quarter *of the* northwest section 8," etc., "containing 40 acres," it required no forced construction or unwarranted supplying of absent words to know at a glance that the "northwest quarter of the northwest *quarter of* section 8, containing 40 acres," was intended. The designation of the *section* by its own proper *designative number*—8—in the description given, shows at once that the words "northwest," next preceding it, was not and could not be intended as a locative designator *of the section*. But when the number of acres given, and the rest of the description are considered together, it becomes clear that the 40 acres intended to be described is that sixteenth part of section 8, known, according to the government surveys, as the "northwest quarter of the northwest quarter." Indeed, so familiar have people generally become with these descriptive terms applied to government lands, that in describing them, it has become quite common to abbreviate and to omit the use of the words "quarter" and "of," and to leave them to be inferred and understood, thus: "N. W. of the N. W., section 8, T. 29 S., R. 16 E., containing 40 acres," etc., and, with such a description, no one can be at a loss to know what land is intended. The description given in the questioned deed, we are satisfied, was sufficiently certain, and the court committed no error in admitting it in evidence upon the ground of any supposed insufficiency or uncertainty of description, and, as before stated, there was no necessity for infusing into the issue any idea of equitable reformation of the deed, in the particular of its descrip-

tion, by plea upon equitable grounds. Some objection, though very indefinitely stated in the record, was made during the progress of the trial to the introduction of this deed upon the ground that, before its introduction, the defendants had not proved a *delivery* of it to them by the grantor therein. There was no merit in this objection. The deed when offered in evidence came from the custody of the defendants who were the grantees therein. The well settled rule is, that the *possession* of a deed by the grantee therein is *prima facie* evidence of its *delivery*, and the *onus probandi* in such cases is upon the party gainsaying such delivery. Tiedeman on Real Property, sec. 813, and citations; Boody vs. Davis, 20 N. H., 140, 51 Am. Dec., 210; 1 Delvin on Deeds, sec. 294; Southern Life Insurance & Trust Co. vs. Cole, 4 Fla., 359; Billings vs. Stark, 15 Fla., 297; Branson vs. Caruthers, 49 Cal., 374; Roberts vs. Swearingen, 8 Neb., 363; Tunison vs. Chamblin, 88 Ill., 378.

At the trial, in the cross-examination of defendant's witnesses, the plaintiff attempted by questions to show that no consideration was paid by the grantees to his intestate grantor for this deed to them of the land in question, which attempt was overruled by the court upon the ground that the plaintiff as administrator and heir at law of the grantor in such deed was estopped from denying the recitals in such deed. This ruling is assigned as the fourth error. The deed, as before shown, is not before us, but we gather from other parts of the evidence that it recited a consideration paid of $100; if so, then the court committed no error in holding that the grantor's administrator, like the grantor himself, was estopped from denying that there was a consideration for such deed, for the purpose of destroying the effective operation of the instrument as a deed

of conveyance of the premises. 1 Rice on Evidence, 476; 2 Delvin on Deeds, sec. 834, and authorities cited; Trafton vs. Hawes, 102 Mass., 533.

The fifth assignment of error is, that the court erred in refusing, upon the plaintiff's application, to strike out the evidence of the defendant. Della Carruth, upon the point as to how she came into possession of the deed from her mother, Katurah Campbell, who, at the time of such testimony, was deceased. The witness having testified that she got the deed from her mother before her death. Had this evidence been brought out by the defendant herself on her own behalf, there would have been merit in the plaintiff's effort to strike it out under our statute prohibiting interested witnesses from testifying as to transactions and communications had with persons deceased whereby the interests of the intestate of such deceased person will be affected; but the testimony of the defendant here sought to be excluded was voluntarily and deliberately drawn out from the defendant by the plaintiff himself upon the cross-examination of the defendant as a witness. In the defendant's direct examination nothing was stated by her that was subject to this objection. The objectionable testimony was given in direct response to cross-questions propounded to her by the plaintiff himself. Having voluntarily elicited objectionable testimony that tends to benefit his adversary and to cripple himself, the plaintiff is not in a position to complain, but must abide the result of his own action.

The sixth assignment of error was the giving of several instructions to the jury. There were eight distinct instructions given by the court to the jury, and the plaintiff excepted to them as a whole, by one general exception, without specifying any particular charge or part of a charge to which his exception ap-

plied. Finding some of the instructions, thus sweepingly excepted to, to be correct and proper statements of the law applicable to the case, we can not consider this assignment under the well established rule of this and other courts. Dupuis vs. Thompson, 16 Fla., 69; John D. C. vs. State *ex rel.* Julia V. H., 16 Fla., 554; Burroughs vs. State, 17 Fla., 643; Carter vs. State, 20 Fla., 754.

The seventh assignment of error was the refusal of the court to give four several instructions requested by the plaintiff. We find no exception in the record to the refusal of the court to give these instructions or any of them. This assignment can not, therefore, be considered.

The eighth assignment of error was the giving of one charge by the court; as this particular charge was included in the one general exception to all the charges given, what has been said of the sixth assignment above applies also to this assignment.

Upon a review of the whole case we are impressed with the fact that the verdict and judgment appealed from are in accordance with the true demands of justice between the parties, and finding no material error in the record, the judgment of the court below is affirmed.