BANK OF SOUTH JACKSONVILLE, A CORPORATION, *Plaintiff in Error*, v. CATHERINE R. CAMMAR, *Defendant in Error*.

En Banc.

Opinion Filed March 26, 1925.

1. The rule with reference to the sufficiency of description in a deed is that, if a surveyor, by applying the rules of surveying, can locate the land, the description is sufficient; and the deed will be sustained if it is possible from the whole description to ascertain and identify the land intended to be conveyed.

2. Where one deed refers to another or to a map or plan of a survey for a description, the deed, map or plan referred to becomes as much a part of the instrument making the reference as if actually copied into it.

3. Where a deed to premises sued for in ejectment is offered and admitted in evidence and refers to a plat of the land, it is error to exclude the plat after an experienced engineer has testified that by referring to the deed and plat and applying the ordinary rules of surveying he could locate the *locus in quo*.

A Writ of Error to the Circuit Court for Duval County; George Couper Gibbs, Judge.

Reversed.

*George C. Bedell* and *L. R. Milton,* for Plaintiff in Error;

*Robert McNamee* and *John T. G. Crawford,* for Defendant in Error.

WEST, C. J.—This is an action of ejectment. The declaration contains two counts. The first is in the statutory form. The second alleges the claim of the defendant adversely to the plaintiff of the land described. The plea to each count is not guilty, with a special plea to the first count denying possession. It was stipulated that the parties claim title from a designated common source, the stipulation providing that it should not be construed as an admission by defendant of possession by her of the land sued for. Upon a trial, objections of defendant having been sustained to the introduction in evidence of a certified copy of a plat of the premises sought to be recovered, plaintiff moved for a non-suit with bill of exceptions, which motion was granted, and judgment against the plaintiff in favor of

the defendant was entered.   Writ of error was taken from this court.

The assignments of error are the rulings of the court sustaining defendant's objections to the introduction in evidence of the plat referred to and the entry of judgment for defendant.

The deeds under which plaintiff claims and deraigns its title were offered and admitted in evidence.   In the description of the property contained in the deeds a plat of the property is referred to, but when the plat, or copy of it, was offered it was objected to upon the ground that the identification of the land shown on the plat with the land described in the declaration is not sufficient.   The objection was sustained.   The plaintiff then produced as a witness a civil engineer who testified in substance that he was familiar with the premises and that by referring to the deeds and plat and applying the ordinary rules of surveying he could locate the property sought to be recovered.

When the witness was excused the plat was re-offered in evidence.   Objections to its admission were sustained.

In Campbell v. Carruth, 32 Fla. 264, 13 South. Rep. 432, this court said: "The rule with reference to the sufficiency of description in a deed is that, if a surveyor, by applying the rules of surveying, can locate the land, the description is sufficient; and the deed will be sustained if it is possible from the whole description to ascertain and identify the land intended to be conveyed." Ansley v. Graham, 73 Fla. 388, 74 South. Rep. 505; Walker v. Lee, 51 Fla. 360, 40 South. Rep. 881; Hogans v. Carruth, 18 Fla. 587.   In recognition of this doctrine the deeds were admitted in evidence. If the deeds were admissible, the plat was.   "Where one deed refers to another or to a map or plan of a survey for a description, the deed, map or plan referred to becomes as much a part of the instrument making the reference as if actually copied into it."   Landreu v. Watkins, 26 Fla. 390,

7 South. Rep. 876; Sanders v. Ransom, 37 Fla. 457, 20 South. Rep. 530; East Coast Lbr. Co. v. Ellis-Young Co., 55 Fla. 256, 45 South. Rep. 826.

The ruling sustaining objections to the admission in evidence of the plat was error.

The judgment is reversed.

WHITFIELD, ELLIS, BROWNE, TERRELL AND STRUM, J. J., concur.