THE LIVERPOOL, LONDON & GLOBE INSURANCE COMPANY, LIMITED, a Corporation, *Appellant,* v. CITY OF ROCKLEDGE, a Municipal Corporation, *Appellee.*

Division A.

Opinion filed April 26, 1929.

Petition for rehearing denied June 4, 1929.

*Cockrell & Cockrell,* for Appellant;

*Shepard & Wahl,* for Appellee.

BROWN, J.—This is a bill for the reformation of a fire insurance policy issued to one Joseph Dassey, complainant's assignor, and the former owner of the property insured. The reformation prayed is that the insurance company be required to endorse its assent in writing on the policy, as provided by the terms of the policy, to the assignment thereof which had been made with the company's consent by Dassey to the complainant. Dassey had theretofore sold and conveyed the property on which the insured buildings stood to one Fish, who at once sold and conveyed the same to the complainant, and Dassey, with the consent of the insurer, had assigned the policy and all his rights thereunder in writing to the complainant, who paid the remainder due on the premium, but the company had never endorsed its assent in writing thereto on the policy. Subsequently the buildings burned. The policy contained a standard mortgagee clause in favor of a Miss Williams, but the bill alleged that the mortgage "had been satisfied of · record" before the fire occurred. The defendant company demurred to the bill on the ground that it failed to make Dassey and Miss Williams parties.

The bill did not allege that the mortgage had been paid; merely that it had been "satisfied of record." It is not alleged that the satisfaction was executed by the mortgagee. The allegation as it stands raises a strong inference that the mortgage had in fact been paid and satisfied, but, as intimated, it should have gone a bit farther in order to show that the mortgagee actually had no further interest under the policy.

The allegations of the bill are no doubt sufficient *prima facie* to show that complainant's assignor had parted with all his interest in or under the policy, and the buildings damaged by the fire, but we are nevertheless constrained to hold that he is entitled to his day in court on that proposition,and that when the assignee of an insurance policy seeks a reformation of such an instrument in a court of equity, he should make his assignor, who was an original party to the contract sought to be reformed, a party to the suit, 34 Cyc., 969, and cases cited; 23 R. C. L. 358; Gibson v. Tuttle, 53 Fla. 979, 43 So. R. 310; Taylor v. Glen Falls Ins. Co., 44 Fla. 274, 32 So. R. 887, 891; Florida Land Phosphate Co. v. Anderson, 50 Fla. 501, 39 So. R. 392; Trust Co. of Ga. v. Scottish Union Ins. Co., 46 So. E. R. 855, 119 Ga. 672.

The general principle involved is very well expressed by 23 R. C. L. 358, as follows:

Proceedings to reform written instruments are subject to the general rule in chancery that all persons interested on the subject matter of the litigation, whether it is a legal or an equitable interest, should be made parties, so that the court may settle all their rights at once and thus prevent the necessity of a multiplicity of suits.

This rule, as well as the rule that when once it has assumed jurisdiction the chancery court will exercise such jurisdiction to grant full relief, is summed up in a homely maxim current among the lawyers of a good many years ago, that "Equity never takes two bites at a cherry."

We hold therefore that the demurrer should have been sustained.

Reversed.

Terrell, C. J., and Ellis, J., concur.

Whitfield, P. J., and Strum and Buford, J. J., concur in the opinion and judgment.