CAROL STOVER, Infant, by her next friend and Natural Guardian, C. I. Stover, Jr., *Plaintiff in Error*, vs. WALLACE O. STOVALL, *Defendant in Error*.

137 So. 249.

En Banc.

Opinion filed October 27, 1931.

*L. S. Grayson* and *MacFarlane, Pettingill, MacFarlane & Fowler*, for Plaintiff in Error;

*Jackson, Dupree & Cone*, for Defendant in Error.

BUFORD, C.J.—In this case the writ of error is to a judgment for defendant based on a directed verdict.

It is contended by the plaintiff in error that the judgment should be reversed because there is substantial evidence in the record to show negligence on the part of de-

fendant in error, who was defendant in the court below in a suit brought to recover damages alleged to have been inflicted on the plaintiff by the negligent operation by the defendant of an automobile on the public highway. It is true that there is some evidence of negligence on the part of the defendant, but the great weight of the evidence is to the effect that defendant was operating the automobile in a careful manner, had the automobile under full control and was conforming to the rules of the road when the plaintiff, a little girl, ran across the street immediately in front of defendant's approaching automobile and was either knocked down by the automobile or fell and suffered a broken leg. A verdict on the evidence should not have been allowed to stand and, therefore, there was no harmful error in directing a verdict.

The judgment is affirmed.

Affirmed.

WHITFIELD AND ELLIS, J.J., concur.

TERRELL, J., agrees to conclusion.

BROWN AND DAVIS, J.J., dissent.

DAVIS, J., (Dissenting) :—Merely because the verdict would have been set aside on motion for a new trial is no warrant to sustain direction of a verdict. This court has said the principles controlling setting aside verdicts and directing verdicts are not the same. Sec. 73 Fla. 700. Directed verdict would be error no matter what the weight of the evidence was in favor of defendant under the authorities.

BROWN, J., concurs.