McCORMICK-HANNAH, INC., W. T. GRAVER and E. S. HACKNEY v. CHES. G. MAGRUDER, as Executor of Estate of J. B. Magruder, deceased.

163 So. 407.

Opinion Filed October 4, 1935.

*Warlow, Carpenter & Fishback,* for Plaintiffs in Error; *Dickinson & Dickinson,* for Defendant in Error.

BUFORD, J.—The writ of error here is to review a judgment in favor of plaintiff in a suit in ejectment.

The only question for us to determine is whether or not under all the facts in this case a description of land contained in a deed as follows: "Also begin 50.79 ft. W of NE cor of Lot 2, Blk. 37, Reed's Add to Orlando, as per said plat on file in Orange County records, run thence S 113.52 feet to north side of an alley way, thence W 50.80 feet, thence North ALONG E SIDE OF LAND OF L. C. HAZEL 113.52 feet, thence E to beginning," is such that the words "along the East side of land of L. C. Hazel" must be treated as surplusage and ignored.

The record shows that on August 14, 1902, Travelers Insurance Company conveyed to Margaret B. Hazel lands described as follows:

"Beginning eight feet (8 ft.) East of the Northwest corner of Lot two (2) block thirty-seven (37) R. R. Reid's Addition to the Town of Orlando, thence running South one hundred and thirteen and 52/100 (113.52) feet to the

North side of an alley-way, thence East forty-eight and 9/100 (48.9) feet, thence North one hundred and thirteen and 52/100 (113.52) feet to the corner of an iron fence at the South line of Central Avenue thence West along the South line of Central Avenue forty-eight and nine 9/10 (48.9) feet to beginning, being a part of said lot two (2) Block thirty-seven (37) of Reed's Addition, according to plat filed in the office of the Clerk of the Circuit Court of Orange County, Florida."

It further shows that on October 12, 1903, Travelers Insurance Company conveyed to L. C. Hazel certain lands in the same lot described as follows:

"Beginning at the northeast corner of Lot two (2) of Block thirty-seven (37) of R. R. Reid's addition to the Town of Orlando, thence run South one hundred and thirteen and fifty-two one hundredths (113.52) feet to the north side of an alley-way; thence west one hundred one and fifty-nine one-hundredths (101.59) feet to east line of land previously sold to Margaret B. Hazel; thence north one hundred and thirteen and fifty-two one-hundredths (113.52) feet to corner of iron fence at south line of Central Avenue; thence east one hundred and one and fifty-nine hundredths (101.59) feet to the beginning."

Now this description, regardless of distances given in the calls, shows that it was the intention of the parties that the lands therein conveyed should not encroach on the lands previously conveyed to Margaret B. Hazel.

Later, on November 18, 1903, L. C. Hazel and his wife, Margaret B. Hazel, conveyed to Mary W. Knox a part of the lands conveyed by Travelers Insurance Company to L. C. Hazel, describing the lands as follows:

"Begin fifty and seventy-nine one-hundredths (50.79) feet west of the northeast corner of Lot Number Two (2)

of Block number thirty-seven (37) of R. R. Reid's Addition
to the Town of Orlando, as per plat of said Addition on
file in the office of the Clerk of the Circuit Court, for Or-
ange County, Florida, thence run south one hundred and
thirteen and fifty-two one hundredths (113.52) feet to the
north side of an alley-way, thence west fifty and eighty one
hundredths (50.80) feet, thence north along the east side
of land of L. C. Hazel one hundred and thirteen and fifty-
two one-hundredths (113.52) feet, thence east to beginning-''

In this description it is plainly evident that the word
"east" in the phrase "Along the east side of the land of
L. C. Hazel" was intended to be "West" and it should be
so construed. See 42 Century Digest, 1073, citing Wagen-
blast v. Washburn, 12 Cal. 208. In the case cited it was
held:

"In this conveyance the premises are described as a lot
in Sacramento city, 'described on the map of said City as
a part of lot No. 1, in the square between K and L and
Third and Fourth Streets, bounded as follows: Commenc-
ing at a point sixty feet west of the corner of K and Third
Streets, thence east on K street twenty feet,' etc.

"By reference to the map it appears that the lot in ques-
tion lies wholly east of the corner of K and Third Streets,
and that the description given in the deed would locate the
premises in Third street.

"The rule is, that effect must be given to the intention of
the parties, when it can be gathered from the instrument.
Here it appears that the parties intended to convey a por-
tion of lot one. This lot extends eighty feet east from the
corner of K and Third Streets; excluding the word *West*
which is evidently a mistake, the description is perfect to
all that portion of the lot which lies between the point of
beginning and the adjoining lot.

"A Court of Equity will relieve against mistake as well as fraud, in a deed or contract in writing, and parol evidence is admissible to show if it be denied in the answer. (2 John. Ch. 585). Here the mistake appears upon the face of the paper itself, and does not require to be shown by parol."

In Whitaker, *et al.,* v. Poston, 120 Tenn. 207, 110 S. W. 1019, the Supreme Court of Tennessee held:

"Where the word 'north' in a description of premises is clearly shown by the context to be a clerical error for the word 'south', it will be so read."

In Ansley, *et al.,* v. Graham, 73 Fla. 388, 74 Sou. 505, this Court held that where the evident intention of a grantor can be carried into effect by construing the word "her" before the word "heirs" in the habendum of a deed, to be intended for "their," such construction will be followed, rather than one which defeats the expressed intention of the grantor.

In Adams v. Higgins, 23 Fla. 13, 1 Sou. 321, this Court held:

"A deed should be construed according to the meaning of the same, looking at all of its parts."

In Black v. Skinner Mfg. Co., 53 Fla. 1090, 43 Sou. 919, it was held:

"A deed conveying title to land should, if possible, be so construed as to make every part of it effective."

In McNair Land, etc., Co. v. Adams, 54 Fla. 550, 45 Sou. 492, it was held that if clauses in a deed are repugnant to each other they must be reconciled, if possible. It was also held that the conditions surrounding the parties may be considered.

In Hancoy Holding Co. v. Lambright, 101 Fla. 128, 133 So. 631, and in Citizens State Bank v. Jones, 100 Fla. 1492, 131 Sou. 369, it was held:

"The positions of the contracting parties and the circumstances under which they acted should be considered."

All of the circumstances surrounding the making of the deed here in question show that it was not the intent of the parties' that the lands therein conveyed should include any part of the lands conveyed by Travelers Insurance Company under date of August 14, 1902, to Margaret B. Hazel. The fact that Margaret B. Hazel, the wife of C. L. Hazel, was a party to the deed conveying a part of the plot of land purchased by C. L. Hazel from Travelers Insurance Company to Mary W. Knox could not change this condition. When the clause contained in the deed referred to in the second paragraph of this opinion is read in its quite apparent true meaning and intent, it becomes most material as showing that no land beyond that the title to which was vested in L. C. Hazel was intended to be, or in fact was conveyed by that deed and the language could not lawfully be held to mere surplusage and eliminated.

It, therefore, follows that plaintiff in the court below did not acquire title to the eighty-four one-hundredths (84/100) of a foot strip on the east side of the lands conveyed on August 14, 1902, by Travelers Insurance Company to Margaret B. Hazel.

Therefore, the judgment should be reversed and further proceedings be had not inconsistent with the views herein expressed.

It is so ordered.

Reversed.

WHITFIELD, C. J., and TERRELL and DAVIS, J. J., concur.