THOMAS E. BROOKS, PAULA A. KING, and MARY B. KENNINGTON, a widow, v. WM. C. PRYOR, et ux.

189 So. 675
Division B
Opinion Filed June 6, 1939

*Coe & McLane,* for Appellants;
*Fisher & Fisher,* for Appellees.

PER CURIAM.—The record in this case shows that John T. Brooks owned 1,000 feet of property east of his home place in Fort Walton, Fla., extending from the waters of Santa Rosa Sound back to the north section line. He deeded to Mrs. Carmela Marler, Sarah F. Pryor, and Mary Brooks, now Mary Brooks Kennington, his daughters, each a 200-foot strip of the 1,000 feet he originally owned. He reserved the 200-foot strip next east of Mary Brooks Kennington for his son, Richard Brooks. He deeded in 1913 the most easterly 200-foot strip to his son, Blaney Brooks. The land involved in this suit is the 200-foot strip reserved by John T. Brooks for his son Richard Brooks, and the same was located east of the lands conveyed to Mary Brooks Kennington. The lands deeded by John T. Brooks to Mrs.

Carmela Marler was described as the 200-foot strip beginning 1,523 feet east of the west line of Section 24. The 200-foot strip deeded to Sarah F. Pryor was described as beginning 1,723 feet east of the west line in Section 24. The third 200-foot strip deeded to Mary Brooks Kennington was described as beginning 1,923 feet east of the west line of Section 24. The fourth strip of 200 feet beginning 2,123 feet east of the west line of Section 24, reserved by John T. Brooks, and was by him on August 4, 1913, in part, conveyed to H. C. Hallmark, when the following description was used:

"Commencing at the water's edge of Santa Rosa Sound at the Southeast corner of land owned by Mary Brooks, same being 2,033 feet east of the west line of Section, thence running east along the water's edge 75 feet, thence north parallel with the west line of Section to Brooks street, thence west along the south line of Brooks Street to Mary Brooks' land; thence south along the east line of Mary Brooks' land to place of beginning."

It is asserted that an error occurred in the description, *supra,* which recited 2,033 feet east of the west line of Section 24, when, as a matter of fact, the correct distance was 2,123 feet east of the west line of Section 24.

On September 23, 1913, J. T. Brooks conveyed to Douglas C. P. Cameron certain lands reserved by him situate in strip No. 4, and, through inadvertance, it is claimed, that the conveyance into Cameron was predicated on the error in the description of the lands previously conveyed to Hallmark, the ambiguity being *a starting point* at 2,033 feet east of the west line of Section 24 was used, when, as a matter of fact, the correct point was 2,123 feet.

It was shown that the deed from J. T. Brooks to Hallmark on August 4, 1913, and the deed from J. T. Brooks to Douglas C. P. Cameron on September 27, 1913, con-

veyed all the lands of the fourth strip *south* of Brooks Street owned by J. T. Brooks, and the west, 125 feet strip east and west, situated on the west side of the fourth strip and located *north* of Brooks Street. During the year 1918 the heirs of the late J. T. Brooks joined in a conveyance of the remaining portion of the fourth strip, being 75 feet east and west then vested in the late J. T. Brooks. The land is 75 feet east and west and from the north section line to Brooks Street and east and adjacent to the lands formerly conveyed to Mary Brooks Kennington. The fifth 200 feet strip conveyed by the late J. T. Brooks to his son, Blaney Brooks, is not involved here and is unnecessary to be considered in a decision of this case.

On the 10th day of December, 1937, Wm. C. Pryor and wife, Sarah F. Pryor, filed in the Circuit Court of Okaloosa County a suit to quiet title to the lands, viz.:

"Commencing at a point on the north line of fractional Section Twenty-Four (24), Township two, South, Range Twenty-Four (24) West, Twenty-one Hundred Twenty-Three (2,123) feet East of the Northwest corner of said Section running thence east Seventy-five (75) feet, thence south to north side of Brooks Street, thence west Seventy-five (75) feet, thence north to the point of beginning."

Thomas E. Brooks, Paul A. King and Mary Brooks Kennington were made parties defendant. An answer was filed, evidence taken and the lower court, on final hearing, decreed the equities of the cause to be with the plaintiffs below and perpetually enjoined and restrained the defendants from interfering with or molesting the plaintiffs below in the peaceable employment of the described property. An appeal has been perfected to this Court and the final decree assigned as error here.

Counsel for appellants contend that the suit filed was to reform a deed for mistake and suggested that the record

shows an absence of necessary parties, to-wit; all parties connected with the conveyance wherein it is claimed that error exists. It is asserted that the question for decision is, may reformation of the deed be had or decreed on account of mistake? Apellees claim they bought the land in question during the year 1919 from the Brooks heirs and have paid taxes thereon for many years and are now in possession thereof and have been for some time and recently made expensive improvements on the 75-foot strip, and contend that the question to be decided by this Court is, viz.: Where a man who was the owner of a 200-foot strip of land made conveyance of two parcels of the land, describing the property by adjoinders but erroneously placing the distance of the adjoinder starting point from the west section line, do the adjoinders govern the description so as to convey the property obviously intended by the grantor to be conveyed, or do the erroneous distances govern the description for the purpose of identifying the property intended to be conveyed? The court below held that the adjoinders govern.

In the conveyance from Brooks to Hallmark dated August 4, 1913, the description used was that for a starting point begin "at the southeast corner of the land owned by Mary Brooks, same being 2,033 feet east of the west line of Section" 24. It is clear that the beginning point was at the southeast corner of the lands previously conveyed to Mary Brooks, and in the conveyance dated September 23, 1913, J. T. Brooks conveyed to Cameron certain lands situated in strip No. 4 and followed the same starting point previously used in the deed to Hallmark. The record showed that Brooks had previously conveyed lands to his daughter, Mary Brooks Kennington, and the starting point from "2,033 feet west of the section line" was erroneous because it attempted to convey lands previously conveyed by Brooks

to his daughter Mary Brooks Kennington. If the recital of 2,033 feet is disregarded and a starting point adopted as beginning at the southeast corner of lands owned by Mary Brooks Kennington, then all confusion and ambiguity is removed, the intention of the parties prevail, and all conflicts of interest disappear. The rule of reference to the sufficiency of description in a deed is that, if a surveyor, by applying the rule of surveying, can locate the land, the description is sufficient, and the deed will be sustained if it is possible from the whole description to ascertain and identify the land intended to be conveyed. See McCormick-Hannah, Inc., v. Magruder, 121 Fla. 142, 163 So. 407; Bank of South Jacksonville v. Canmar, 89 Fla. 296, 103 So. 827; Ansley v. Graham, 73 Fla. 388, 74 So. 505; Walker v. Lee, 51 Fla. 360, 40 So. 881; Campbell v. Carruth, 32 Fla. 264, 13 So. 432; Hogans v. Carruth, 18 Fla. 587. We think the construction placed upon the ambiguous description appearing in the two deeds by the lower court was correct and no error has been made to appear.

It is next contended by counsel for appellants that it appears upon the record that interested parties in the subject matter of the litigation were not served with process and should be made parties before a final decree was entered, and cite Liverpool, London & Globe Inc. Co. v. City of Rockledge, 97 Fla. 644, 121 So. 807; 53 C. J. 1006, *et seq.,* and Busby v. Littlefield, 31 N. H. 193-198. The answer to this contention is that the bill of complaint is one to quiet title and confirm title in the plaintiffs below and it is not a suit to reform a deed because of a mistake in the description of the lands conveyed. If the bill of complaint was one of reformation because of a mistake, then the authorities, *supra,* cited by counsel for appellants, would be controlling. The lower court held that the suit was one to quiet title and

our study of the proceedings in the lower court convinces us that there is no error in the conclusions so reached.

In the case of Andreu v. Watkins, 26 Fla. 390, 7 So. 876, this Court said: "In description of lands, monuments control distances where there is an inconsistency between the two as given in a deed of conveyance." The lower court held that the southeast corner of the Mary Brooks land should control for an adjoinder and not the 2,033 feet west of Section line 24. See 9 C. J. 222.

It is next contended by counsel for appellants that the appellees were barred by laches. The record shows that the title to the land described in the bill of complaint was vested in J. T. Brooks at the time of his death and that his heirs, during the year 1918, conveyed the same and the grantees therein have paid taxes continuously since the conveyance and have exercised every indicia of ownership over the lands. The record fails to show any conflicts of interests concerning the lands involved, other than the ambiguity appearing in the two deeds, from Brooks to Hallmark and from Brooks to Cameron.

This Court, by an unbroken line of decisions, has held that all presumptions exist in an appellate court that the judgment of the lower court is correct and one who complains of error must make the same to appear. Britt v. State, 88 Fla. 482, 102 So. 671; State v. Merritt, 86 Fla. 164, 99 So. 230; Hoodless v. Jernigan, 51 Fla. 211, 41 So. 194; Clements v. State, 51 Fla. 6, 40 So. 432; Stover v. Stovall, 103 Fla. 284, 137 So. 249.

The decree appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as author-

ized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.