WIGGINTON, Chief Judge.
This interlocutory appeal is from an order dismissing a complaint in chancery as to A. Z. Alford, one of the defendants named therein.
The complaint seeks reformation of a mortgage executed by the record owners of a certain described parcel of land. It is alleged that because of a mutual mistake of the parties, land other than that agreed upon was erroneously described in the mortgage. It is prayed that the mortgage be reformed so as to correctly describe the land which the parties intended as security for the mortgage indebtedness. The sufficiency of the complaint to state a cause of action for reformation as between the plaintiff mortgagee and the defendant mortgagor owners is not questioned on this appeal.
The complaint further alleged that the defendant A. Z. Alford was joined as a party defendant because he has contracted, or intends to contract, to purchase from defendant owners the land which the parties to the mortgage agreed should be encumbered as security for the mortgage indebtedness, and which should properly be subject to the mortgage lien.
The defendant Alford moved to dismiss the complaint on the sole ground that it fails to allege that he had knowledge of the alleged mutual mistake for which reformation of the mortgage is sought. Upon hearing, Alford’s motion was granted and the cause dismissed.
Appellant contends, and we think correctly so, that whether Alford had knowledge of the mutual mistake which gives rise to the cause of action for reformation of the mortgage is immaterial. Any interest in the disputed land which Alford may be able to establish under a contract of purchase with the owner will be protected if he is a bona fide purchaser without notice of the mutual mistake alleged in the complaint.[1] Such interest as Alford may have in the disputed land is no bar to appellant’s right to reformation of its mortgage, the lien of which could extend only to the remaining interest, whether legal or equitable, which the mortgagor owner may still retain in the land subject to Alford’s rights, if any, under his contract of purchase.
The rule is well established m Florida that in a suit to reform a written instrument, all persons interested in the subject matter of the litigation, whether their interest be legal or equitable, should be made parties, so that the court may settle all rights at once thereby preventing a multiplicity of suits.[2]
The order appealed from is accordingly reversed and the cause remanded for further proceedings consistent with this opinion.
STURGIS, J., concurs.
CARROLL, DONALD, J., dissenting.

. Holley v. May, Fla.1954, 75 So.2d 696.

. Liverpool, London & Globe Ins. Co. v. City of Rockledge, 97 Fla. 644, 121 So. 807.