CORNELIA A. ROUTH v. ETHEL A. WILLIAMS, *et vir.*

193 So. 71

Opinion Filed January 12, 1940

*G. H. Martin,* for Plaintiff in Error;

*W. G. Miller* and *C. E. Farrington,* for Defendants in Error.

TERRELL, C. J.—Ethel A. Williams, joined by her hus-

band, S. S. Williams, brought an action in ejectment against Cornelia A. Routh to determine her title to and recover a portion of Lot 3, Block 10, of C. J. Hector's Resubdivision of Rio Vista, according to the plat thereof recorded in Plat Book 1, page 24, public records of Broward County, Florida. There was a verdict and judgment for the plaintiff and defendant took writ of error.

The record discloses that the plaintiff by *mesne* conveyances acquired title to Lot 2, Block 10, of C. J. Hector's Resubdivision of Rio Vista, according to the plat thereof recorded in Plat Book 1, page 24, of the public records of Broward County, Florida. It is further shown that the defendant in the same manner acquired title to lots three and four of Block 10 of the same resubdivision and plat of Rio Vista. The said plat specifies the frontage of lots 3 and 4 to be 50 feet each but omits any dimensions as to lot 2. The block is more than long enough to give all lots their full frontage.

The question presented is answered by determining whether or not the frontage of lots 3 and 4 as purchased by defendant is concluded by the dimensions on the plat of C. J. Hector's Resubdivision of Rio Vista.

It is shown that both parties hereto claim title to their respective lots 2, 3, and 4, "according to the plat thereof recorded in Plat Book 1, page 24, of the public records of Broward County, Florida." On the said plat, the dimensions of defendant's lots 3 and 4 are given but the lot of the plaintiff (Number 2) is irregular and no dimensions are indicated. The reason for this is explained but it is not essential to detail. Defendant is asserting title by the plat but plaintiff claims all the plat gives her and is attempting to assert title to a substantial part of lot 3 adjoining hers and claimed by defendant on the strength

of a purchase plat made for her but which has never been recorded.

There is no question here of conflict between the plat, the survey or the field notes. The law is settled that when a plat of lots in a block specifies the frontage of each lot, with one exception, any deficiency in the width of the block will show on that lot and its width will be the length of the block, minus the sum of the width of the other lots. Toudouze v. Keller (Tex. Civ. App.), 118 S. W. 185; Pereless v. Gross, 126 Wis. 122, 105 N. W. 217.

The rule as thus stated is sometimes spoken of as the remnant rule and is corollary to what is known as the apportionment rule which is to the effect that where all the lots are dimensioned, any excess or deficiency will be apportioned among the several parcels according to their frontage, whether the lots are regular or irregular. Pereless v. McGoon, 78 Wis. 27, 46 N. W. 1047, 23 A. S. R. 389. Both rules are rules of construction based on intention.

It is also settled that where a deed refers to another deed or to a map, plat, or survey for a description, the deed, map, plat or survey becomes as much a part of the instrument as if copied therein. Bank of South Jacksonville v. Cammar, 89 Fla. 296, 103 So. 827. The verity of the plat by which the purchase was made was fully attested.

If the deed, map, plat, or survey is definite and one by which the land can be located, it will not be overthrown but if it is indefinite, parol evidence may sometimes be introduced to explain or to exemplify the intention of the parties. In this case, the remnant rule applies. It is certain that both parties intended to take title by the plat which dimensions and names the frontage of lots 3 and 4 but leaves the dimensions of lot 2 vacant.

Plaintiff derives her title from the plat but is now as-

serting title to more than the plat describes. She contends that the plat is merely a picture of the lines and corners of the lots as surveyed, that her deed was intended to convey by the purchase plat given her when she purchased, that parol evidence is admissible to prove the plat named in her deed in error, that certain stakes in the ground when she purchased show said lot to be in error, that the planting of hibiscus shrubs between said stakes by a previous owner of her lots established the boundary line where she now claims and that defendant purchased at her peril.

The so-called purchase plat relied on by the plaintiff was made before the purchase but it was never recorded. The evidence of the engineer who made it is not sufficient to overthrow the plat by which the purchase was made. It was not introduced in evidence and was different from the plat recorded in that lot 3 was not dimensioned. The evidence supporting it was far from sufficient to supplant the recorded plat.

The evidence as to the stakes, the hibiscus hedge, the survey of the lot by the engineer who made the sales plat, occupation and other factors relied on is indefinite and unsatisfactory and not sufficient to overthrow the plat by which the purchase was made.

The plat by which both parties purchased was definite and certain as to description and the record leaves no doubt whatever as to the intention of the parties. If plats and deeds can be explained and overthrown in the manner proposed here, they become as waste paper in a back alley and will throw every plat and purchase thereby into doubt and confusion.

Error is assigned because of the trial judge's action in denying a motion to deliver to the jury after their retirement a particular exhibit, Plat Book One, and in denying

a motion to send to the jury room all exhibits filed in the case. We are not convinced that any reversible error was committed.

In English v. State, 31 Fla. 340, 355, 12 South. Rep. 689, text 693, we held that no mistake was made in refusing to allow the jury to take with them, when they retired, a part of the exhibits; and in Lamb v. State, 90 Fla. 844, 107 South. Rep. 530, we said that they should be given such exhibits as in the discretion of the judge would aid them in arriving at a correct verdict.

We do not elaborate on these pronouncements except to reiterate that the presiding judge should have the discretion of determining what evidence would be helpful and what harmful if studied by the jury while considering their verdict and there will be no interference with the ruling except where abuse is shown.

On the showing made, the frontage of lots 3 and 4 as shown on the plat of C. J. Hector's Resubdivision of Rio Vista is conclusive, so the judgment is reversed.

Reversed.

BUFORD and THOMAS, J. J., concur.

WHITFIELD and CHAPMAN, J. J., concur in opinion and judgment.

Justice BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.