315 So.2d 233 (1975)
Linda BRANTLEY and James Thomas Brantley, Her Husband, Appellants,
v.
TAMPA GENERAL HOSPITAL, DIVISION OF the HILLSBOROUGH COUNTY HOSPITAL AND WELFARE BOARD, Appellee.
No. 74-1033.
District Court of Appeal of Florida, Second District.
June 25, 1975.
Rehearing Denied July 22, 1975.
Thomas D. Casper of Yado, Keel, Nelson & Casper, Tampa, for appellants.
Thomas T. Steele of Fowler, White, Gillen, Boggs, Villareal & Banker, Tampa, for appellee.
SCHEB, Judge.
Appellants/plaintiffs appeal from a final judgment entered on a jury verdict in favor of the appellee/defendant in a medical malpractice action.
The question raised is: Was it reversible error for the trial court, after permitting the jury during its initial deliberations to review x-rays introduced at trial, to then withdraw such exhibits from the jury's further deliberations?
Under the circumstances of this case, we hold it was a harmful error; therefore, we reverse.
This action was based on alleged malpractice in the defendant's treatment of a fracture of the plaintiff Linda Brantley's right leg. During the trial the plaintiffs *234 and defendant by stipulation each introduced a series of x-rays as exhibits. Expert witnesses for both parties interpreted and frequently referred to these x-rays during their testimony. Plaintiffs' witnesses, by use of some of the x-rays, demonstrated the nature of the alleged malpractice and how it was corrected. Counsel for the plaintiffs and defendant each referred to the x-rays in their closing arguments with plaintiffs' counsel urging the jury to review and consider them in light of all the evidence. It was only after the jury retired with these exhibits that counsel for the defendant objected to their use by the jury during their deliberations. This objection was overruled. Once the jury commenced deliberations they requested a view box to assist in reviewing the x-rays. At this point the trial court, recalling that on voir dire one juror stated she was a former x-ray technician, decided she might unduly infuence the remaining jurors in their interpretation of the x-rays. The trial court reasoned this would be like having an expert witness in the jury room and over the objection of the plaintiffs, refused to furnish a view box to the jury[1] and ordered the x-rays removed from their further consideration. The plaintiffs' motion for a mistrial was denied.
The trial court is vested with considerable discretion in determining whether to permit exhibits introduced at trial to be taken to the jury room for use by the jury in their deliberations. Routh v. Williams, 1940, 141 Fla. 334, 193 So. 71. The theory is that the jury should be allowed such exhibits as would aid them in arriving at their verdict. 32 Fla.Jur. Trial, § 237. While counsel has not cited and our research has failed to reveal any Florida decisions on this point specifically relating to the use of x-rays, it appears that in this area the trial court is governed by the same rule of sound discretion as applies to the jury's use of other exhibits. See Annotation in 10 A.L.R.2d 918. At voir dire it was obvious to the trial court that x-rays would be introduced at the trial. The juror who formerly had served as an x-ray technician was interrogated, her background and experience discussed, and without objection from either counsel she was allowed to remain on the jury; therefore, there was no reason on this account to refuse to allow the jury to review the x-rays. References to the x-rays were very material to the alleged malpractice. Therefore, it would have aided the jury to further observe that which had been interpreted for them by the expert witnesses. Moreover, this was important to the plaintiffs' case since in closing argument their counsel placed great emphasis on the relevance of these x-rays and urged the jury to carefully examine them in light of the evidence of alleged malpractice. Under the circumstances, to have allowed a preliminary review of the x-rays, and then to have removed them from the jury when they requested the means to more intelligently review what had been presented at trial, was an abuse of discretion.
The judgment of the trial court is reversed and the cause remanded for a new trial.
GRIMES, J., concurs.
BOARDMAN, A.C.J., dissents with opinion.
BOARDMAN, Acting Chief Judge (dissenting).
As stated in the majority opinion, the jury returned its verdict of not guilty finding *235 that neither the appellee/hospital, nor the treating physician, was guilty of malpractice. The x-ray pictures were fully interpreted by the medical experts who testified on behalf of both parties. The cross-examination of each expert was extensive. The jury had the benefit of that testimony. Additionally, certain medical reports were submitted to the jury in which reference was contained as to the results of the doctor's analysis of the x-ray pictures.
Appellants' counsel, during his closing argument to the jury, alluded to the fact that the jury would have the opportunity to view the x-ray pictures. Counsel for the appellee, in his closing argument, did not indicate that the jury would be permitted to view the x-ray pictures during its deliberations.
There is no dispute that the appellant, Linda Brantley, sustained a fracture of her right leg which was caused as a result of her falling off a horse.
At best, the x-ray pictures might have been considered by the jury as bearing on the question of damages sustained by the appellants in the event that the jury found liability on the part of the appellee.
This question arose upon a request from the jury for a shadow box, after it had retired, and the trial judge had previously ruled that it could view the x-ray pictures. The judge, upon reconsideration, after objection was made by appellee's counsel, refused the request for the shadow box and directed that the x-ray pictures be withdrawn from the jury.
I submit that this decision was within the wise discretion of the trial judge, exercised only after he had heard argument from counsel for the respective parties. I have been unable to find any decisional law in Florida making it mandatory that the trial court allow the jury to take all exhibits introduced into evidence with it into the jury room during its deliberations.
According to my view of the testimony and the complete record, appellants had their day in court and received, as they should have, a fair and impartial trial. They were represented by competent counsel and the jury returned its verdict against them. I simply cannot bring myself to impugn the verdict of the jury on the point raised by appellants and, consequently, do not agree with my brethren that the withdrawal of the x-ray pictures from the jury under the said circumstances constitutes reversible error. With due deference, therefore, I dissent from the majority opinion.
NOTES
[1] Counsel for appellant has assigned the trial court's refusal to allow a view box as error. Our decision makes it unnecessary to discuss this point further, suffice it to say that where x-rays are to be review by a jury, it is appropriate to furnish the jury equipment necessary to afford a proper review. Practices may vary on this point in the different circuits, however, we think this is typical of matters which should be resolved at a pretrial conference.