552 So.2d 246 (1989)
PARTNERSHIP PROPERTIES CO., et al., Appellants,
v.
SUN OIL CO., et al., Appellees.
No. 88-2390.
District Court of Appeal of Florida, First District.
November 2, 1989.
Rehearing Denied December 6, 1989.
Thomas M. Brady of Wells, Brown & Brady, P.A., Pensacola, for appellants.
Patrick G. Emmanuel of Emmanuel, Sheppard & Condon, Pensacola, for appellee Sun Oil Co.
Edward P. Nickinson, III and Jeffrey P. Gill of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Pensacola, for appellees A.W. Magruder, Jr., J.B. Johnston, Jr., and Exxon Corp.
JOANOS, Judge.
Partnership Properties Co. and others have appealed from an order of the trial court dismissing with prejudice their quiet *247 title action. We affirm, but on different grounds than those stated by the trial court.
In January 1945, the oil, gas and mineral rights in certain described parcels of real property located in Sections 22 and 23, Township 5 North, Range 29 West, Santa Rosa County, Florida, were leased to the Texas Company for one year. The lessors had previously acquired 2.41 acres in Section 19, located north of and contiguous to the Section 22 parcel, by adverse possession without color of title. The lease contained no specific description of the Section 19 parcel, but rather included a "coverall" or "Mother Hubbard Clause:"
It is the intention of the Lessor and the Lessee that this lease shall also include and there is hereby included and leased for the purposes and consideration herein stated all of the land owned and claimed by the Lessor adjacent or contiguous to the land described whether in the same or different surveys.
After the expiration of the lease, in January 1946, the oil, gas and mineral rights in Sections 22 and 23 were deeded to appellants' predecessors in title. Again, no description of any Section 19 parcel was included in the deed, nor was the Mother Hubbard Clause reiterated. However, following the deed's specific descriptions of the Sections 22 and 23 parcels being conveyed, appeared the additional language "and being the same lands leased to the Texas Company on January 25, 1945."
The appellees concede that the recordations of the aforedescribed lease and deed pre-date the recordation of those documents by which they claim title to the Section 19 parcel. Appellants contended at trial that the combined effect of the Mother Hubbard Clause contained in the lease, and the "being the same land" clause in the deed was to give appellees actual or constructive notice of appellants' prior claim to the Section 19 parcel, so that title should be quieted in them. The trial court disagreed, and dismissed appellants' claim on the ground that the recordation of the lease and deed did not afford constructive notice to appellees of appellants' interest in and claim to the Section 19 property.
However, the issue of whether appellees had sufficient notice of the Mother Hubbard Clause contained in the lease mentioned in the 1946 deed does not really control the situation here. Rather, the controlling issue is whether the 1946 deed sufficiently described the disputed Section 19 parcel so as to convey valid title thereto to appellants' predecessors in title. We find that it did not.
The 1946 deed specifically and accurately described the Sections 22 and 23 parcels being conveyed, and further characterized the property as "being the same lands" described in the 1945 lease. Where a particular description of land is given in a deed, which description is clear, explicit and certain, and is a complete identification of the land by authentic ascertainments, such description will not be varied by a more general and less definite and particular designation of the locality of the land, as in such case the particular authentic and complete description will be considered as expressing the intent of the parties, rather than the general designation of locality. Black v. Skinner Mfg. Co., 53 Fla. 1090, 43 So. 919, 921 (1907). See also Lazenby v. F.P. Asher, Jr. & Sons, Inc., 266 Md. 679, 296 A.2d 699 (1972) (a particular description of premises conveyed, when such particular description is definite and certain, will control a general reference to another deed as the source of title).
Further, although Florida courts have held that, in limited circumstances, a deed, map, plat, or survey may be incorporated into another deed, Routh v. Williams, 141 Fla. 334, 193 So. 71 (1940), Crenshaw v. Holzberg, 503 So.2d 1275 (Fla.2d DCA 1987), these cases involved deeds which did not contain a specific and accurate description of the land being conveyed. As noted above, the instant deed specifically and accurately described the Sections 22 and 23 parcels. Therefore, there is no need to incorporate the 1945 lease into the deed for purposes of accurate description of the land being conveyed.
*248 An appellate court is not limited to reviewing the lower tribunal's judgment solely on the grounds on which it was decided. That judgment must be affirmed if there are any grounds which support it. Johnson v. Davis, 449 So.2d 344 (Fla.3d DCA 1984). Because the 1946 deed, which conveyed specifically described property in Sections 22 and 23, did not operate to pass title to the disputed Section 19 parcel to appellants' predecessors in title, appellants' action to quiet title to that parcel was properly dismissed with prejudice, and we affirm the trial court's order.
BOOTH and BARFIELD, JJ., concur.