557 So.2d 674 (1990)
Gerald R. BICKEL and Carolyn Bickel, Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.
No. 88-02249.
District Court of Appeal of Florida, Second District.
March 2, 1990.
*675 Arthur C. Fulmer of Law Offices of Arthur C. Fulmer, Lakeland, for appellants.
J. Michael McCarthy, Lakeland, for appellee.
PER CURIAM.
Appellant Gerald Bickel was struck and injured in the parking lot of a Lakeland shopping center by an automobile driven by his wife, appellant Carolyn Bickel. In their complaint against appellee State Farm, appellants alleged that Mrs. Bickel was required "to drive her vehicle in a defensive manner" to avoid a second automobile, which "swerved quickly into a parking place in front of their vehicle" and which left the scene of the accident before it or its driver could be identified. State Farm's answer to the complaint denied that another driver's actions caused the injury. A jury found against appellants on their claim for uninsured motorist benefits. On the day after this verdict was rendered appellants' counsel coincidentally encountered one of the jurors at a health spa and "struck a conversation" with the juror. The juror related that during a break in the two-day trial the jury foreman announced that he had driven to the scene of the accident and had performed an "experiment" with another automobile, thereby concluding that appellants' accident could not have occurred as they described at trial. Appellants' motion for new trial and motion for leave to interview the jury foreman were denied.
We conclude that the trial court erred in denying appellants the opportunity to interview the jury foreman. This is not merely a case of an unsuccessful litigant impermissibly attempting to inquire into "the subjective decision making process of the jury." Velsor v. Allstate Insurance Co., 329 So.2d 391, 393 (Fla. 2d DCA), cert. dismissed, 336 So.2d 1179 (Fla. 1976). If the information related to counsel were true, the jurors apparently disregarded the court's instructions to confine their deliberations to the evidence presented at trial. Similar misconduct prompted a remand for further proceedings in Snook v. Firestone Tire & Rubber Co., 485 So.2d 496 (Fla. 5th DCA 1986).
We remand this case with directions to permit an interview in accordance with Florida Rule of Civil Procedure 1.431(h). If the interview establishes jury misconduct which affected the verdict, a new trial will be necessary; otherwise, the verdict shall stand.
Reversed.
SCHEB, A.C.J., and LEHAN and HALL, JJ., concur.