ON MOTION FOR REHEARING

COBB, Judge.
Upon reconsideration of the appellee’s motion for rehearing, we rescind the opinion filed in this cause under date of June 16, 1995, and substitute therefor the following opinion:
*354 This is an appeal from an order of the circuit court authorizing the guardian of the person and the property of Wellie E. Cone to transfer by “corrective deed” approximately three acres of the ward’s real property to the trustees of the Jean C. Maltby revocable trust.[1]
The ward, who is now 99 years of age, was married to one Hobson Cone, who died in 1986. The Cones had a daughter, Jean C. Maltby, who died in 1988. Jean C. Maltby had three children, Christine Maltby, Lucinda Holton and Tyson Maltby. Lucinda Hol-ton was appointed personal representative of her mother’s estate. By her will, Jean C. Maltby left her entire residuary estate to the trustees of the Jean C. Maltby Trust. Robin Conner was appointed by the probate court in January, 1992, to serve as plenary guardian of the person and property of Wellie Cone. Administration of Jean C. Maltby’s estate was marked by objections, and a petition was filed by Christine Maltby for removal of Lucinda Holton as personal representative and for an accounting. One of the assets of the Maltby estate was the Old Quarry Road property located in St. Augustine, Florida. Wellie and Hobson Cone had acquired this property by warranty deed dated April 3, 1939, which is recorded in Deed Book 133, pp. 128-131 of the Public Records of St. Johns County.
On November 17,1981, Wellie and Hobson Cone deeded the Old Quarry Road property to their daughter, Jean, reserving a life estate in themselves or their survivor. This deed was prepared by the Cones’ Jacksonville lawyers. The last paragraph of the legal description in the deed states:
By this deed, the grantors intend to convey all of the land which they acquired by that certain deed recorded in Deed Book 133, pages 128-131, inclusive, of the public records, St. Johns County, Florida, less and except any land which they previously conveyed by instruments recorded in Official Records Book 9, page 370, of the public records of St. Johns County, Florida.
The portion of the property that is excepted by the above quote is referred to as the “Maltby Out Parcel,” which was previously conveyed by the Cones to Jean C. Maltby in fee simple and is not involved in the instant dispute.
Ignoring the Maltby Out Parcel, the metes and bounds description of the property in the 1981 deed did not contain the full description of the property found in the 1939 deed. The legal description in the 1981 deed excluded the area depicted below as Parcel lb. Parcel lb consists of approximately three acres and the house where the Cones lived is located on this parcel.
*355 [[Image here]]
On March 6, 1986, Hobson Cone died and Wellie Cone became the sole owner of the life estate in parcels la and 2, shown above. Because of the legal description in the 1981 deed, Wellie Cone apparently became the sole owner of parcel lb.
On December 30, 1986, Wellie Cone sold by quit claim deed her life estate in the Old Quarry Road Property to Jean C. Maltby for $287,497.00. A promissory note in the amount of $270,497.00 was executed. The original deed, however, was never recorded and apparently was lost. Jean C. Maltby owed the full amount of the note plus accrued interest when she died in 1988, and Wellie Cone filed a statement of claim with the Maltby estate. In April, 1990, Wellie Cone executed a confirmation deed ratifying the unrecorded 1986 deed that she had executed. Again, this deed utilized the legal description in the 1981 deed, omitting parcel lb from the metes and bounds description.
The estate sold part of parcel la to James and Deborah Craggs on June 14, 1990, as indicated in the above diagram. On July 24, 1990, the estate conveyed the Old Quarry Road property to the Jean C. Maltby Trust. This conveyance also contained the 1981 legal description, less the Craggs’ property.
On July 13, 1993, Conner, as guardian of the person and property of Wellie Cone, *356 petitioned for an order authorizing execution of a corrective deed to correct what was labeled a scrivener’s error in the 1986 quit claim deed executed by Wellie Cone to Jean C. Maltby and in the 1990 confirmation deed. Christine Maltby filed a written objection to the petition and requested a full evidentiary hearing on the issues raised in the petition. Christine’s objection noted that in pending probate litigation she had challenged the validity of the entire transfer of the Old Quarry Road property to Jean C. Maltby and/or the Maltby trust; that the action of the Maltby trust in purporting to purchase the property from Wellie Cone pursuant to a verbal agreement and obligating the trust for a payment of $270,479.00 was done without notice and without court approval; and that Wellie Cone was of questionable competence when she executed the “confirmation deed” in 1990 at the age of 94.
The trial court heard no witnesses at the hearing except for a videotape of Wellie Cone recorded approximately one month before the guardianship proceedings were initiated. In that videotape, Wellie Cone indicated that she did not want the trustees of the Jean C. Maltby Trust to have power over her assets and she wished for whatever she owned to pass directly to her three grandchildren upon her death.
The trial court stated that it could see no financial detriment to clearing up the dispute and that using the corrective deed method through a guardianship was the most economical way, as opposed to a quiet title action. The court concluded that Wellie Cone’s intent was to include parcel lb (the house) with the rest of the Old Quarry Road property in the 1986 deed quit claiming her life estate to Jean C. Maltby. The court found there was no indication of an intent to divide up the property.
Conner maintains that the trial court did not err in ordering the corrective deed because there was a defect in the description of the property in the 1990 confirmation deed (ratifying the unrecorded 1986 quit claim deed Willie Cone had executed) which is clear from the chain of title upon which the description was based. Conner maintains that the 1981 deed from the Cones to Jean C. Maltby intended to convey all of the Old Quarry Road property recorded when the property was originally acquired in 1939, less the Maltby Out Parcel. However, Conner’s position is that because of a scrivener’s error, parcel lb was omitted from the metes and bounds description in the deed. Conner asserts that the trial court correctly concluded that the grantors’ intent could be ascertained from the language of the deed, and that the grantors intended that the conveyance include the property located in parcel lb. Conner’s position is that the defect in the 1981 and 1990 deeds is obvious on their faces and that the trial court was not permitted to accept parol evidence in order to authorize a corrective deed.
Christine Maltby counters that where a specific description is given in clear, explicit language completely identifying the land being conveyed, it may not be varied by a more general statement of intent concerning the extent of the conveyance. She relies on Partnership Properties Co. v. Sun Oil Co., 552 So.2d 246 (Fla. 1st DCA 1989). In that case, oil, gas and mineral rights in certain described parcels of real property located in Sections 22 and 23, Township 5 North, Range 29 West, Santa Rosa County, were leased to a Texas company in January 1945 for one year. The lessors had previously acquired 2.41 acres in Section 19, contiguous to the Section 22 parcel by adverse possession and while the lease contained no specific description of the Section 19 parcel, it did contain an “overall” clause stating as follows:
It is the intention of the Lessor and the Lessee that this lease shall also include and there is hereby included and leased for the purposes and consideration herein stated all of the land owned and claimed by the Lessor adjacent or contiguous to the land described whether in the same or different surveys.
After the expiration of the lease, the oil, gas and mineral rights in Section 22 and 23 were deeded to Partnership Properties’ predecessor in title in 1946. Again no description of any Section 19 parcel was included in the deed; however, following the deed’s specific descriptions of the Section 22 and 23 parcels being conveyed appeared the additional language “and being the same lands leased to the Texas Company on January 25, *357 1945.” The question was whether the 1946 deed sufficiently described the Section 19 parcel so as to convey valid title thereto to Partnership Properties’ predecessors in title.
After explaining that the 1946 deed specifically and accurately described the Section 22 and 23 parcels being conveyed and further characterized the property as “being the same lands” described in the 1945 lease, the court explained:
Where a particular description of land is given in a deed, which description is clear, explicit and certain, and is a complete identification of the land by authentic ascer-tainments, such description will not be varied by a more general and less definite and particular designation of the locality of the land, as in such case the particular authentic and complete description will be considered as expressing the intent of the parties, rather than the general designation of locality. [Citations omitted].
552 So.2d at 247.
The court added that:
Further, although Florida courts have held that, in limited circumstances, a deed, map, plat, or survey may be incorporated into another deed, Routh v. Williams, 141 Fla. 334, 193 So. 71 (1940), Crenshaw v. Holzberg, 503 So.2d 1275 (Fla. 2d DCA 1987), these cases involved deeds which did not contain a specific and accurate description of the land being conveyed. As noted above, the instant deed specifically and accurately described the Section 22 and 23 parcels. Therefore, there is no need to incorporate the 1945 lease into the deed for purposes of accurate description of the land being conveyed.

Id.

The appellate court therefore held that the 1946 deed, which conveyed specifically described property in Section 22 and 23, did not operate to pass title to the disputed Section 19 parcel.
We find that the trial court erred in allocating the burden of proof below to Christine Maltby rather than to the guardian (Conner), the petitioner seeking authorization for the corrective deed. The only evidence before the trial court was the three deeds (1939, 1981 and 1990) and the videotape of Wellie Cone. There was no parol evidence to support the trial court’s determination that the specific metes and bounds description in the 1981 and 1990 deeds should be superseded by the general reference to the deed recorded in Deed Book 133, pages 128-131, inclusive, of the Public Records, St. Johns County. Indeed, the only testimony adduced at the hearing — i.e., that of Wellie Cone — was contrary to the conclusion of the trial court. Certainly, there should have been some testimony from the Jacksonville law firm that prepared the 1981 deed, wherein the purported mistaken description originated, as to the intent of the grantors in respect to the disputed three acres and the conflict between the metes and bounds description and the allusion to the 1939 deed. The burden to present that testimony was on the petitioner seeking the corrective deed.
Nor can we sustain the order of the trial court based on its asserted “short-cut” method to save litigation expenses. The trial court apparently thought that by authorizing the transfer of the additional three acres to the Maltby Trust that it was benefiting the Maltby heirs because of the possibility of estate taxes after the death of Wellie Cone. Such speculation, however, cannot supersede established legal principles and precedent. Two heirs of Jean Maltby — i.e., Christine Maltby and Tyson Maltby — apparently believe it to their advantage to inherit directly from their grandmother, Wellie Cone, as the latter so testified was her desire. Transferring the disputed three acres into trust may or may not be to their benefit; that, however, was not the issue before the trial court.
REVERSED.
PETERSON, C.J., and HARRIS, J., concur.

. Jurisdiction is appropriate under Florida Probate Rule 5.100 which provides in part that “All orders and judgments of the [probate] court determining rights of any party in any particular proceeding in the administration of the estate of a ... ward shall be deemed final and may, as a matter of right, be appealed.”