972 So.2d 254 (2008)
Paula CASTILLO and Sergio Castillo, Appellants,
v.
VISUAL HEALTH AND SURGICAL CENTER, INC., and W.J. Hoffman, M.D., Appellees.
No. 4D06-2924.
District Court of Appeal of Florida, Fourth District.
January 2, 2008.
Darryl L. Lewis and Rosalyn Sia Baker-Barnes of Searcy Denney Scarola Barnhart & Shipley, P.A., and Philip M. *255 Burlington of Burlington & Rockenbach, P.A., West Palm Beach, for appellants.
Roberta G. Mandel of Stephens, Lynn, Klein, LaCava, Hoffman & Puya, P.A., Miami, for appellees.
POLEN, J.
Appellants, Paula and Sergio Castillo, timely appeal a final judgment in favor of Visual Health and Surgical Center, Inc. and Dr. Walter Hoffman rendered pursuant to a jury verdict in this medical malpractice action. Appellants argue that the trial court erred (1) in allowing the jury to replicate a demonstration performed by a defense expert at trial, (2) in denying their motion for directed verdict, and (3) in denying their motion for new trial. We affirm and write to address the first two issues.
Paula Castillo had a pterygium in her right eye surgically removed by Dr. Hoffman of the Visual Health and Surgical Center. Part of Dr. Hoffman's established routine is to use six pieces of sponge that are cut from a number of larger sponges that include a handle. The sponges are soaked in mitomycin-C, which is a chemotherapy agent that destroys the type of fast-growing cells that create pterygiums in an effort to prevent any recurrence. The sponges are left on the eye for only three minutes as mitomycin-C is a potent medication.
It is undisputed that a fragment of one of the cut sponges[1] was left in Ms. Castillo's eye, although appellees did not agree that was the cause of appellant's injury.
At trial, defense expert Dr. Tseng performed a demonstration for the jury in which a Wexell sponge like the one used in the instant pterygium removal was placed in water so the jury could see how the sponge expands. While the jury was deliberating, the jury raised two questions, one of which was whether the jurors could wet the Wexell sponge admitted into evidence. Plaintiffs' counsel objected because they did not want the jury conducting experiments with the evidence. The court allowed the jury to wet the sponge, though it is unclear from the record whether the jury ever actually wet the sponge.
Appellants note that the parties were not present for the experiment and did not know exactly what the sponge was going to be wet with or what the jurors would do with it. They argue that juries are not entitled to conduct their own experiments, thereby creating new evidence in the jury room outside the presence of the parties and judge.
The trial court is vested with considerable discretion in determining whether to permit exhibits introduced at trial to be taken to the jury room for use by the jury in their deliberations. Brantley v. Tampa Gen. Hosp., 315 So.2d 233, 234 (Fla. 2d DCA 1975) (citing Routh v. Williams, 141 Fla. 334, 193 So. 71 (1940)). It is well settled that a new trial will not be granted because the jury was permitted to carry with them to the jury room articles introduced in evidence which would aid them in their deliberations, unless it can be shown that the jury received testimony therefrom other than that adduced at the trial, and that such additional testimony was prejudicial. Lamb v. State, 90 Fla. 844, 107 So. 530, 532 (1925).
Several jurisdictions that have addressed the issue of permissible juror experimentation have generally concluded that recreation or testing of testimony adduced at trial on objective evidence items *256 is acceptable. 89 C.J.S. Trial § 798 (2007); Carol J. Miller, Annotation, Propriety of Juror's Tests or Experiments in Jury Room, 31 A.L.R.4th 566 (1984). "Jurors, during deliberations, may engage in experiments which amount to no more than a careful evaluation of the evidence presented at trial." 89 C.J.S. Trial § 798 (2007).
The cases cited by appellees support the proposition that if jurors are merely duplicating tests performed in the courtroom on exhibits sent with them to the jury room, this is not to be considered extraneous evidence and a new trial is not warranted. See Muchell v. V & V, Inc., 263 N.J.Super. 412, 622 A.2d 1365, 1366 (1992); Geo. C. Christopher & Son, Inc. v. Kansas Paint & Color Co., 215 Kan. 185, 523 P.2d 709, 721 (1974); People v. Fletcher, 260 Mich. App. 531, 679 N.W.2d 127, 136 (2004).
The cases cited by appellants, on the other hand, are distinguishable from the instant case in that they involve situations where (1) the evidence admitted is not in the same condition it was in at the time of the relevant incident (See United States v. Beach, 296 F.2d 153, 158 (C.A.Va.1961)); (2) jurors performed their own experiments at home and later testified before the jury much like an expert would (See Smoketree-Lake Murray, Ltd. v. Mills Concrete Constr. Co., 234 Cal.App.3d 1724, 1746, 286 Cal.Rptr. 435 (Cal.App. 4 Dist. 1991)); (3) jurors conducted experiments outside the courtroom with a vehicle not in evidence (See Jennings v. Oku, 677 F.Supp. 1061, 1063 (D.Hawai'i 1988)); (4) jurors used tools and other objects which were not even present at the trial or which were not used to aid the jury in understanding of testimony (See Jensen v. Dikel, 244 Minn. 71, 69 N.W.2d 108, 115 (1955)); (5) jurors used string in place of wire to conduct an experiment and string would obviously be different from the actual condition of the electric cable (See King v. Ry. Express Agency, Inc., 94 N.W.2d 657, 660 (N.D.1959)); and (6) one juror had conducted an outside experiment and told the jury that the accident could not have occurred as they described at trial (See Bickel v. State Farm Mut. Auto. Ins. Co., 557 So.2d 674, 675 (Fla. 2d DCA 1990)).
The cases cited by appellants are distinguished from the instant case, where no juror conducted any type of reenactment outside the presence of the other jurors and all members of the jury were together when the question was asked and later answered by the court. Though we are unsure of whether the jurors actually performed the experiment and with what liquid they might have performed it, a replication of a demonstration performed at trial such as this cannot be considered new extraneous evidence. Though appellants seem to suggest that they should have been present for the experiment and take issue with the fact that they did not know exactly what the sponge would be wet with or what the jurors would do with it, secret jury deliberations would no longer exist if we knew exactly what went on in the jury room. Thus, we affirm the trial court's decision to allow the jurors to replicate the demonstration performed before the jury.
The second issue involves section 766.102(3), Florida Statutes (2007). The appellants moved for directed verdict, in which counsel argued that section 766.102(3) shifted the burden of proof to the defense to prove that Dr. Hoffman was not negligent. Section 766.102(3) provides that "the discovery of the presence of a foreign body, such as a sponge . . . or other paraphernalia commonly used in surgical, examination, or diagnostic procedures, shall be prima facie evidence of negligence on the part of the health care provider." Appellants argued that the defense had presented only guesswork and speculation as to how Dr. Hoffman could have failed to see the sponge. The court denied the motion, stating:

*257 There's evidence  what is said on the witness stand that is not objected to is evidence. Everything in this trial that is admissible is evidence. There is evidence, the weight of the evidence is up to the jury. I only decide if there is evidence.
So I'm going to deny your motion . . . because I think it's unquestionable that there is evidence.
The parties have not cited, nor has our own research revealed any Florida case law interpreting section 766.102(3), Florida Statutes. We agree with appellants that the burden, when shifted to the defendant[s], cannot be met by pure speculation and conjecture. In this case, there was no evidence of how the piece of sponge was left in Ms. Castillo's eye. Dr. Hoffman offered his hypotheses as to how the sponge could have been left in the eye despite the evidence of numerous "sponge counts" performed by Dr. Hoffman and his surgical staff. Similarly, the defense experts did not necessarily speculate, but gave hypotheses of what may have occurred during the surgery based on their years of experience as to this type of surgery. The jury is free to accept or reject any of this testimony. The trial court did not err in making it a jury question as to whether the defense met their burden in overcoming the presumption created by section 766.102(3), Florida Statutes.
Appellants cite to Bellere v. Madsen, 114 So.2d 619 (Fla.1959). Bellere involved a rear-end collision and the presumption of negligence on the part of the defendant which shifted the burden of proof to the defendant to explain his conduct. In that case, Bellere claimed he was distracted from the traffic ahead when he saw a woman walking nearby and did not want to run her over. The Florida Supreme Court held that the defendant's duty to keep a normal lookout for pedestrians did not justify him in completely ignoring the traffic situation in which he was at the time involved. Bellere's explanation was insufficient to rebut the presumption of negligence.
Appellants also cite to Tozier v. Jarvis, 469 So.2d 884 (Fla. 4th DCA 1985), in which the defendant in a rear-end collision claimed that the accident must have happened because the plaintiff backed out of a restaurant driveway into the roadway, although he could not testify that he in fact saw the plaintiff's vehicle move in any direction, and admitted that he looked away from the road for two to six minutes. This court found that Jarvis's explanation was insufficient to rebut the presumption of negligence. Paula and Sergio emphasize that the court stated that "nor can the defendant's sheer speculation that perhaps the plaintiff was backing out of the restaurant, rather than entering the restaurant, rise to the level of affirmative testimony (much less the kind of substantial testimony) necessary to rebut the presumption of negligence." Tozier, 469 So.2d at 888.
But the instant case does not involve the many situations that can arise on the road and the infinite number of explanations that could be given for accidents that occur. This case is instead limited to what occurs during a surgical procedure that is performed in a controlled setting with surgical staff present to witness the procedure.
Thus, we affirm as the trial court did not err in making it a jury question as to whether the defense met their burden in overcoming the presumption created by section 766.102(3), Florida Statutes.
Affirmed.
STONE and MAY, JJ., concur.
NOTES
[1] The parties do not agree as to the exact size of the piece of sponge, but the range was between one millimeter and three millimeters.